IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>X Corp.<br><br>*Defendant* | Case No. 3:25-cv-916<br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>LWR Law Offices<br>2045 S Pleasant Valley Rd. #1098<br>Winchester, VA 22601<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintif* |

**<u>PLAINTIFF'S OBJECTION TO TRANSFER AND EMERGENCY MOTION
FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TRANSFER TO
THE LUBBOCK DIVISION OF THIS JUDICIAL DISTRICT</u>**

**TO THE HONORABLE JUDGE STARR:**

COMES NOW Plaintiff Thomas Richards ("Plaintiff"), by and through his undersigned counsel, and files this Objection to Transfer and Emergency Motion for Reconsideration or, in the Alternative, Transfer to the Lubbock Division. In support thereof, Plaintiff respectfully shows the Court as follows:

## I. INTRODUCTION

On April 14, 2025, this Court entered an Order denying Plaintiff's emergency motion without prejudice and ordering transfer of this case to the Fort Worth Division after 21 days, absent objection. The Court's Order stated that "venue is improper before this Court" and "Pursuant to Defendant X Corporation's Terms of Service, as noted by Richards, venue is proper in Tarrant County, Texas." With respect, the Court's interpretation of X's Terms of Service is incorrect as a matter of law. The Terms actually permit venue in any division of the Northern District of Texas for federal claims.

Plaintiff respectfully objects to this transfer for two independent reasons: (1) venue is *entirely proper* in the Dallas Division based on X's Terms of Service, which the Court appears to have misinterpreted; and (2) transfer to the Fort Worth Division would place this case before

judges with documented conflicts of interest concerning Defendant X Corp. and its controlling owner, Elon Musk, creating an objective appearance of potential bias that undermines public confidence in the judicial process.

Nevertheless, if this Court remains disinclined to hear this matter in the Dallas Division despite proper venue here, Plaintiff respectfully submits that transfer to the Lubbock Division rather than the Fort Worth Division would better serve the interests of justice and avoid concerns about impartiality given the specific nature of this case.

## II. VENUE IS PROPER IN DALLAS DIVISION

X Corporation's Terms of Service contain the following venue provision:

"All disputes related to these Terms or the Services, including without limitation disputes related to or arising from other users' and third parties' use of the Services and any Content made available by other users and third parties on the Services, will be brought exclusively in the **U.S. District Court for the Northern District of Texas** *or* **state courts located in Tarrant County**, Texas, United States, and you consent to personal jurisdiction in those forums and waive any objection as to inconvenient forum." (emphasis added)

This provision clearly creates two distinct venue options separated by the disjunctive "or":

1. "the U.S. District Court for the Northern District of Texas"; OR

2. "state courts located in Tarrant County, Texas."

The Terms therefore permit federal claims to be brought in any division of the Northern District of Texas, including the Dallas Division, while state court claims must be brought specifically in Tarrant County state courts. The geographic limitation (Tarrant County) applies only to the state court option. The Northern District of Texas is specifically identified without divisional limitation.

The Court's Order appears to have conflated these two separate venue options, incorrectly concluding that "venue is proper in Tarrant County, Texas" based on the Terms of Service, when the Terms actually permit filing in any division of this District for federal actions. Respectfully, venue is entirely proper in the Dallas Division for this federal court action.

## III. FORT WORTH DIVISION WOULD CREATE SIGNIFICANT CONFLICTS OF INTEREST AND THE APPEARANCE OF IMPARTIALITY

If this Court nonetheless determines that transfer is appropriate, Plaintiff respectfully requests transfer to the Lubbock Division rather than the Fort Worth Division. This request is based on legitimate concerns about the appearance of impartiality for this particular case.

Plaintiff's case involves specific allegations that X Corp., under the direction of its owner Elon Musk (who simultaneously serves as a Special Government Employee heading the Department of Government Efficiency), has engaged in systematic suppression of Plaintiff's religious expression, particularly content critical of Catholic institutional practices. The case presents constitutional questions regarding:

a. Government entanglement with a private platform owner;

b. Suppression of religious Protestant viewpoints critical of Catholic institutions; and

c. Potential bias in content moderation regarding Catholic-related content.

The Fort Worth Division presents potential appearance of impartiality concerns for this specific case:

A. Judge Reed O'Connor: Public financial disclosures indicate Judge O'Connor has direct financial interests in Tesla and other companies owned by Elon Musk, X Corp.'s controlling owner and a central figure in this litigation. These holdings constitute a disqualifying financial interest under 28 U.S.C. § 455(b)(4), requiring mandatory recusal. However, this creates an awkward procedural posture where the case would be transferred to a judge who would immediately need to recuse, potentially causing further delay in addressing time-sensitive constitutional violations.

B. Other Fort Worth Division Judges: The nature of this case, which involves religious discrimination claims and specific critique of Catholic institutional practices, raises significant appearance of impartiality concerns with respect to judges who have strong personal affiliations and immediate family members with strong personal connections to the specific religious institutions being critiqued in this case.

If the Court has concerns about presiding over this matter that motivate transfer, Plaintiff respectfully suggests that the Lubbock Division would better address those concerns while maintaining compliance with X's Terms of Service, particularly given the documented conflicts in the Fort Worth Division.

If the Court maintains that transfer from the Dallas Division is necessary despite the plain language of X's Terms of Service, then transfer to the Lubbock Division rather than Fort Worth would better serve the interests of justice. The Lubbock Division, like Fort Worth, is within the Northern District of Texas as specified in X's Terms of Service.

By contrast, the Lubbock Division, while not known to be free from any potential bias (as no court can make such a claim), does not present the same clear appearance issues at this time that does the Fort Worth Division for this particular matter. The known conflicts in Fort Worth present specific, identifiable concerns that would objectively undermine public confidence in the impartiality of these proceedings. The Lubbock Division is equally authorized under X's Terms of Service, which permit venue anywhere in the Northern District of Texas.

**IV. EMERGENCY CONSIDERATIONS**

1. Plaintiff filed this action seeking emergency injunctive relief to address ongoing violations of his constitutional rights through the systematic suppression of his religious Protestant expression on X's platform. As detailed in Plaintiff's Complaint and motion for temporary restraining order, Defendant has engaged in a pattern of content removal directly timed to Plaintiff's pre-litigation communications, including the mass removal of 61,600+ posts and 5,974 media files.

2. Defendant continues to systematically suppress Plaintiff's protected religious expression, causing ongoing irreparable harm to his First Amendment rights;

3. Without immediate intervention, there is substantial risk that Defendant will continue to permanently remove or manipulate evidence central to this litigation; and

4. The 21-day transfer delay effectively extends the constitutional violations and evidence destruction risk by nearly a month, potentially rendering meaningful relief impossible. Defendant has continued its pattern of content manipulation, most recently selecting exactly one of Plaintiff's posts (about a bible AI project) to artificially boost to 7,000 viewers -- the only post to receive such treatment in years. This strategic amplification of a single post, occurring immediately after Plaintiff's pre-litigation demands, appears calculated to manufacture evidence against Plaintiff's shadowbanning claims, while tens of thousands of other posts and nearly all of his artwork remain hidden from his wall. This sophisticated pattern of selective content manipulation demonstrates both Defendant's technical control over content visibility and its apparent intent to interfere

with the judicial process by creating misleading evidence.

5. This matter is particularly appropriate for emergency consideration because the evidence of ongoing suppression is being systematically removed from public view, making it increasingly difficult to document the very violations at issue. The preliminary data from Plaintiff's account shows that posts mentioning religious content are now receiving close to zero views (with "views" being fully subject to X's control) despite his 3800 followers, effectively rendering them completely invisible despite being technically posted, demonstrating an escalation of the shadowbanning practices outlined in the Complaint and TRO motion.

Additionally, Plaintiff notes his intent to file an amended complaint pursuant to FRCP 15(a)(1) shortly after resolution of this motion. The initial complaint was necessarily filed in an expedited manner due to the emergency nature of the ongoing constitutional violations. The amended complaint will provide additional factual development while maintaining the same core claims and requested relief.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Reconsider its Order transferring this case to the Fort Worth Division;

2. Retain jurisdiction over this matter in the Dallas Division;

3. In the alternative, if transfer is deemed necessary for reasons of conflict of interest or other under 28 U.S.C. § 455, transfer this case to the Lubbock Division of the Northern District of Texas;

4. In the further alternative, transfer this case to another judge within the Dallas Division;

5. Issue a limited preservation order requiring Defendant to maintain all of Plaintiff's account data, content, and associated metadata in its current state until any transferee court has an opportunity to rule on Plaintiff's emergency motions;

6. Vacate the Order denying Plaintiff's motion for temporary restraining order and reconsider the motion on its merits.

Respectfully submitted,

/s/ Lisa Weingarten Richards

Lisa Weingarten Richards

VSB #96671

LWR Law Offices

2045 S Pleasant Valley Rd. #1098

Winchester, VA 22601

Tel.: (202) 981-2059

lwr@lwrlawoffices.com

Counsel for Plaintiff


NOTICE OF SERVICE

I hereby certify that on April 14, 2025, a true and correct copy of the foregoing emergency motion will be served via email to Adam Mehes, Senior Director of Legal at X Corp., at amehes@x.com and legal@x.com, immediately upon filing. /s/ Lisa Weingarten Richards Lisa Weingarten Richards


/s/ Lisa Weingarten Richards

Lisa Weingarten Richards