# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

### DALLAS DIVISION

THOMAS RICHARDS

*Plaintiff,*

*v.*

X Corp.

*Defendant*

Case No. 3:25-cv-916

Lisa Weingarten Richards, Esq.

VSB #96671

NY BAR #4932570

LWR Law Offices

2045 S Pleasant Valley Rd. #1098

Winchester, VA 22601

*Tel.:* (202) 981-2059

lwr@lwrlawoffices.com

*Counsel for plaintiff*

**PLAINTIFF'S NOTICE OF EMERGENCY PETITION FOR WRIT OF MANDAMUS AND NOTICE OF INTENT TO AMEND COMPLAINT**

Plaintiff Thomas Richards ("Plaintiff"), by and through his undersigned counsel, hereby gives notice to this Court that on April 15, 2025, Plaintiff has filed an Emergency Petition for Writ of Mandamus with the United States Court of Appeals for the Fifth Circuit seeking relief from this Court's Order of April 15, 2025, which requires Plaintiff to serve Defendant within 24 hours.

**NOTICE OF MANDAMUS PETITION**

1. Plaintiff has filed an Emergency Petition for Writ of Mandamus with the Fifth Circuit seeking relief from this Court's April 15, 2025 Order requiring service within 24 hours, as well as from this Court's April 14, 2025 Order finding venue improper in the Dallas Division.

2. The mandamus petition asserts that the 24-hour service requirement:

    a. Directly contravenes Federal Rule of Civil Procedure 4(m), which expressly provides 90 days for service;

    b. Unlawfully abridges Plaintiff's explicit statutory right to amend his complaint one time as of right under FRCP 15(a)(1), which Plaintiff specifically noted in his April 14, 2025 filing;

    c. Constitutes a clear legal error as a district court cannot override the Federal Rules of Civil Procedure established by Congress and the Supreme Court;

    d. Creates a practical impossibility given the timing of the order; and e. Serves no legitimate judicial purpose when Defendant has already received courtesy copies of all filings via email.

3. Plaintiff hereby gives notice that he will not be complying with the 24-hour service requirement because:

a. FRCP 15(a)(1) grants Plaintiff one opportunity to amend his pleading as a matter of course, which Plaintiff intends to exercise at the appropriate time rather than being forced to prematurely serve an incomplete complaint (seeing as, due to the emergency nature of this matter and the need for an emergency TRO, the complaint was not in its best form at time of filing);

b. Forcing service now would unnecessarily trigger the 21-day post-service amendment period for Plaintiff to prepare a complete amended complaint;

c. The Supreme Court has consistently held that district courts must apply the Federal Rules as written and cannot create procedural rules that circumvent or conflict with them. See *Carlisle v. United States*, 517 U.S. 416, 426 (1996) ("Whatever the scope of federal courts' inherent power to formulate procedural rules not specifically required by the Constitution or the Congress, it does not include the power to develop rules that circumvent or conflict with the Federal Rules");

d. As established in *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988), courts must follow the Federal Rules as adopted and *cannot* override them based on policy preferences; and

e. This accelerated service requirement serves no legitimate judicial purpose when Defendant already has actual notice of these proceedings through courtesy copies of all filings provided via email.

4.  The constitutional issues at stake in this case are substantial and extraordinary:

a. Recent reporting has documented that Elon Musk's DOGE team is using artificial intelligence to monitor federal employees' communications for language critical of Musk or Trump while simultaneously controlling a platform that suppresses religious expression critical of institutions Musk has publicly embraced. As government ethics expert Kathleen Clark told Reuters, this "sounds like an abuse of government power to suppress or deter speech that the president of the United States doesn't like." (https://www.reuters.com/technology/artificial-intelligence/musks-doge-using-ai-snoop-us-federal-workers-sources-say-2025-04-08/)

b. The case presents unprecedented government-platform entanglement, with Musk maintaining direct access to America's intelligence apparatus through documented visits to the Pentagon, NSA, and CIA within a single month, including telling Defense Secretary Hegseth, "If there's anything I can do to be helpful, I'd like to see you" (https://abc7ny.com/post/pete-hegseth-says-hes-meeting-elon-musk-pentagon-discuss-efficiencies/16061808/); and

c. The content suppression specifically targeted Plaintiff's Protestant religious critique of Musk's relationship with Catholic institutions after Musk publicly described meeting Pope Francis as an "honor," demonstrating content-specific, viewpoint-discriminatory censorship rather than neutral platform moderation. (Elon Musk (@elonmusk), X (July 1, 2022, 9:54 PM), https://twitter.com/elonmusk/status/1543050489050402816)

**NOTICE OF INTENT TO FILE AMENDED COMPLAINT**

Plaintiff hereby gives notice that he intends to amend his complaint pursuant to FRCP 15(a)(1) prior to the 90-day service deadline established by FRCP 4(m). Plaintiff has previously informed the Court of this intention in his April 14, 2025 Emergency Motion for Reconsideration.

Plaintiff respectfully notes that the 24-hour service requirement forces him to either prematurely serve an incomplete complaint or lose his one opportunity to amend as a matter of course under FRCP 15(a)(1). The Federal Rules of Civil Procedure grant Plaintiff 90 days to effect service of process, and a district court cannot abridge these rules. See *Carlisle v. United States*, 517 U.S. 416, 426 (1996).

DATED: April 15, 2025

Respectfully submitted,

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards
VSB #96671
NY BAR #4932570 LWR Law Offices
2045 S Pleasant Valley Rd. #1098
Winchester, VA 22601
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2025, I provided copies via email to Adam Mehes, Senior Director of Legal at X Corp., at amehes@x.com and legal@x.com.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards