IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>X Corp.<br><br>*Defendant* | Case No. 3:25-cv-916<br><br><br><br><br><br><br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>NY BAR #4932570<br>LWR Law Offices<br>2045 S Pleasant Valley Rd. #1098<br>Winchester, VA 22601<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintiff* |

**PLAINTIFF'S EMERGENCY MOTION FOR STAY PENDING APPEAL**

**AND REQUEST FOR IMMEDIATE RULING**

COMES NOW Plaintiff Thomas Richards ("Plaintiff"), by and through his undersigned counsel, and files this Emergency Motion for Stay Pending Appeal, showing the Court as follows:

## I. INTRODUCTION

Plaintiff respectfully moves this Court to stay its April 14, 2025 and April 15, 2025 Orders pending resolution of Plaintiff's writ of mandamus to the Fifth Circuit. This motion is necessary because: (1) the Court's 24-hour service requirement directly contradicts the Federal Rules of Civil Procedure; (2) the venue determination that formed the basis for transfer and denial of emergency relief was based on a clear misreading of the venue provision; and (3) ongoing irreparable harm continues while these procedural issues delay consideration of Plaintiff's substantive constitutional claims.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1. On April 13, 2025, Plaintiff filed his Complaint, Emergency Motion for Temporary Restraining Order, and Motion for Preliminary Injunction alleging unconstitutional suppression by X Corp. of religious speech and speech critical of the government.

2. On April 14, 2025, this Court denied Plaintiff's emergency motion "WITHOUT PREJUDICE" based solely on a finding that "venue is improper before this Court" and ordered transfer to the Fort Worth Division after 21 days absent objection.

3. On April 14, 2025, Plaintiff filed an Emergency Motion for Reconsideration explaining that X Corp.'s Terms of Service expressly permit venue in "the U.S. District Court for the Northern District of Texas OR state courts located in Tarrant County" - clearly allowing venue in any division of this District for federal claims.

2

4. On April 15, 2025, this Court ordered Plaintiff to serve Defendant within 24 hours - an order that contradicts FRCP 4(m)'s 90-day service period and interferes with Plaintiff's right to amend his complaint under FRCP 15(a)(1).

5. On April 15, 2025, Plaintiff filed an Emergency Petition for Writ of Mandamus with the Fifth Circuit seeking relief from both Orders and notified this Court of the filing.

## III. LEGAL STANDARD

In determining whether to grant a stay pending appeal, the Fifth Circuit applies the four-factor test established by the Supreme Court in *Nken v. Holder*: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009).

## IV. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits of His Appeal

### 1. The Venue Determination Was Clearly Erroneous

This Court's venue determination rests entirely on a misreading of X Corp.'s Terms of Service. The provision states:

"All disputes... will be brought exclusively in the U.S. District Court for the Northern District of Texas OR state courts located in Tarrant County, Texas..." (emphasis added)

This provision clearly establishes two distinct venue options:

1. Any division within the U.S. District Court for the Northern District of Texas; OR

2. State courts specifically located in Tarrant County.

The Dallas Division is unquestionably within the Northern District of Texas, making venue proper here. Basic contract interpretation principles support this reading:

- The disjunctive "or" creates alternative options

- The drafter could have specified "Fort Worth Division" if that was the intent

- Courts must give effect to all terms in a contract, and reading "Northern District of Texas" to mean only "Fort Worth Division" renders the broader district designation meaningless

**2. The 24-Hour Service Requirement Violates Federal Rules**

This Court's April 15, 2025 Order requiring service within 24 hours directly contradicts FRCP 4(m), which grants 90 days for service. The Supreme Court has consistently held that district courts must apply the Federal Rules as written and cannot create procedural rules that circumvent them. See *Carlisle v. United States*, 517 U.S. 416, 426 (1996).

Additionally, this accelerated service requirement interferes with Plaintiff's right to amend his complaint under FRCP 15(a)(1), which Plaintiff expressly noted in his Emergency Motion for Reconsideration.

**B. Plaintiff Will Suffer Irreparable Injury Absent a Stay**

Without a stay, Plaintiff faces multiple irreparable harms:

1. Procedural Prejudice: Failure to comply with the impossible 24-hour service requirement could result in dismissal or sanctions, effectively depriving Plaintiff of his day in court.

2. Ongoing First Amendment Violations: The delay in considering Plaintiff's emergency motions permits the continuing suppression of his religious expression. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

3. Evidence Destruction: Plaintiff has documented a pattern of content removal timed to his legal communications. Without emergency intervention, X Corp. will likely continue removing evidence central to this litigation.

4. Forced Premature Filing: The service order improperly accelerates the FRCP 15(a)(1) timeline for amendments. This rule explicitly gives Plaintiff the right to "amend its pleading once as a matter of course within... 21 days after serving it." By requiring immediate service of an admittedly incomplete complaint, the order artificially triggers this 21-day clock before Plaintiff has finalized his pleadings, effectively abridging his statutory right to prepare a proper initial complaint and strategically timing his one amendment as provided by the Federal Rules.

    a. The court's order is particularly prejudicial given that the original complaint was necessarily filed rapidly to enable the filing of an emergency TRO motion addressing ongoing constitutional violations. As expressly noted in Plaintiff's filings, the intention was always to perfect the pleadings through the amendment process provided by FRCP 15(a)(1) before triggering service-related deadlines. Forcing immediate service of what is acknowledged to be a hastily prepared emergency filing undermines the very purpose of the Federal Rules' amendment provisions,

5

which are designed to allow refinement of pleadings before the case proceeds to response deadlines.

5. Ongoing Documented Content Removal: Since the filing of this action, X Corp. has continued its pattern of systematic evidence destruction. Just yesterday, analytics showed that additional posts containing religious content were removed from visibility. This documented pattern shows that evidence central to this litigation is being actively destroyed while procedural delays prevent substantive review.

6. First Amendment Violations Compounding Daily: The suppression of religious expression continues unabated with each passing day. Not only is this a theoretical constitutional injury, but Plaintiff can document through analytics that his religious posts are receiving near-zero visibility despite having 3,800+ followers—a statistical impossibility without deliberate suppression.

## C. A Stay Will Not Substantially Injure X Corp.

X Corp. has already received courtesy copies of all filings through counsel's emails to amehes@x.com and legal@x.com. A stay merely maintains the status quo while the Fifth Circuit considers the mandamus petition. X Corp. has no legitimate interest in avoiding judicial review through procedural technicalities.

## D. The Public Interest Favors a Stay

The public interest strongly favors a stay. "Injunctions protecting First Amendment freedoms are always in the public interest." *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 539 (5th Cir. 2013). Additionally, the public interest in fair judicial proceedings is undermined when

courts impose impossible procedural requirements and misinterpret clear contractual provisions to avoid addressing constitutional claims.

**E. Additional Considerations Supporting a Stay**

1. Preservation of Judicial Authority: This Court has inherent authority under the All Writs Act, 28 U.S.C. § 1651, to issue orders necessary to preserve its jurisdiction. The ongoing destruction of evidence and strategic manipulation of content visibility directly threatens this Court's ability to effectively adjudicate this case on its merits, regardless of which division ultimately hears it.

2. Appearance of Procedural Obstruction: The combination of (1) misinterpreting a clear venue provision, (2) imposing an impossible service timeline, and (3) refusing to consider emergency constitutional claims creates an appearance of using procedure to obstruct substantive review. Courts must be particularly careful to avoid even the appearance of using procedural technicalities to block review of constitutional claims. See Hamdi v. Rumsfeld, 542 U.S. 507, 533 (2004) (warning against procedural obstacles to constitutional claims).

3. Constitutional Avoidance: Interpreting the venue provision to permit litigation in Dallas avoids the potential constitutional issues that could arise from forcing transfer to a division where judges have documented conflicts of interest with Defendant and its owner.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court:
1. Stay its April 14, 2025 and April 15, 2025 Orders pending resolution of Plaintiff's mandamus petition;

2. Rule on this motion by 9:00 AM on April 16, 2025, before the service deadline expires; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards
VSB #96671
NY BAR #4932570
LWR Law Offices
2045 S Pleasant Valley Rd. #1098
Winchester, VA 22601
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, I provided copies via email to Adam Mehes, Senior Director of Legal at X Corp., at amehes@x.com and legal@x.com.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards