IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>X Corp.<br><br>*Defendant* | Case No. 3:25-cv-916<br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>NY BAR #4932570<br>LWR Law Offices<br>2045 S Pleasant Valley Rd. #1098<br>Winchester, VA 22601<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintiff* |

**SUPPLEMENTAL NOTICE REGARDING SERVICE OF PLAINTIFF'S RENEWED**

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW Plaintiff Thomas Richards ("Plaintiff"), by and through undersigned counsel, and hereby files this Supplemental Notice Regarding Service to update the Court on additional steps taken to ensure proper service of Plaintiff's Renewed Emergency Motion for Temporary Restraining Order (Doc. 17, Doc 18--attachments only) and the Court's April 17, 2025 Order (Doc. 20).

On April 17, 2025, Plaintiff filed an initial Notice of Service (Doc. 21) detailing attempts to serve Defendant X Corp. through its Registered Agent, CT Corporation System. Plaintiff submits this Supplemental Notice to inform the Court of subsequent developments and completed service efforts:

1. On April 17, 2025, at approximately 4 PM Central Time, Plaintiff's counsel received an email from CT Corporation System rejecting the attempted service via email. The email stated: "The process or communication that you have attempted to deliver to C T Corporation System has not been taken by CT, nor forwarded to any party. You have directed your communication to a general email address. That address is not available for the purpose of receiving legal process." A true and correct copy of this email is attached as Exhibit A.

2. Prior to this rejection, on April 16, 2025, at 8 PM Central Time, Plaintiff's counsel had already sent courtesy copies of all relevant documents via email to Adam Mehes, Senior Director of Legal at X Corp. (amehes@x.com) and to X Corp.'s legal department (legal@x.com). A true and correct copy of this email is attached as Exhibit B.

3. On April 17, 2025, at 12:30 PM Central Time, Plaintiff's counsel again emailed these documents to Mr. Mehes and X Corp.'s legal department when copying them on the email to CT Corporation System. A true and correct copy of this email is attached as Exhibit C.

4. Following CT Corporation System's rejection of service, on April 17, 2025, Plaintiff's counsel sent an additional email to Mr. Mehes and X Corp.'s legal department at 4:09 PM Central Time, specifically requesting confirmation of receipt of the documents and explicitly noting the Court's order requiring service "by whatever means necessary." A true and correct copy of this email is attached as Exhibit D.

5. Despite these multiple attempts at electronic service, Mr. Mehes and X Corp.'s legal department did not respond to any communications or confirm receipt of the documents.

6. Accordingly, on April 17, 2025, Plaintiff engaged Malone Process Service LLC, a professional process service company, to effectuate in-person service on X Corp. through its Registered Agent.

7. On April 18, 2025, at 8:30 AM Central Time, Malone Process Service LLC successfully served the documents on X Corp.'s Registered Agent. The Affidavit of Service is attached as Exhibit E.

Plaintiff notes with concern that despite multiple direct communications to X Corp.'s Senior Director of Legal, Mr. Adam Mehes--a Yale undergraduate, Columbia Law School graduate, former Davis Polk attorney, and former Fifth Circuit clerk--and X Corp.'s Senior Director of Legal over a period of two days, not even a basic acknowledgment of receipt was provided. This departure from standard professional courtesy between counsel necessitated the additional expense and time of formal process service. Given the urgent constitutional issues at stake

involving ongoing suppression of religious expression, such procedural delays are particularly concerning.

Plaintiff took these additional steps to ensure undisputed compliance with the Court's order and to facilitate a timely resolution of the urgent constitutional issues presented in the TRO motion. While the multiple email notifications to X Corp.'s legal representatives would likely satisfy the Court's "by whatever means necessary" standard, formal in-person service through the Registered Agent eliminates any potential procedural objections that might delay consideration of the substantive First Amendment claims.

Per the Court's April 17, 2025 Order, X Corp.'s response is now due within 7 days of service, on April 25, 2025. This clear timeline will allow the Court to promptly address the ongoing suppression of Plaintiff's religious expression that continues with each passing day.

Respectfully submitted,

April 18, 2025

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards
VSB #96671
NY BAR #4932570
LWR Law Offices
2045 S Pleasant Valley Rd. #1098
Winchester, VA 22601
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
Counsel for Plaintiff