IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS, <br><br> Plaintiff, <br><br> v. <br><br> X CORP., <br><br> Defendant. | Civil Action No. 3:25-cv-00916-X |

**DEFENDANT X CORP.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
ITS OPPOSITION TO PLAINTIFF'S RENEWED EMERGENCY
<u>MOTION FOR TEMPORARY RESTRAINING ORDER</u>**

**I.       INTRODUCTION**

Pursuant to Federal Rule of Evidence 201 and the incorporation-by-reference doctrine, Defendant X Corp. respectfully requests that the Court take judicial notice of, or in the alternative, incorporate by reference, the following documents for purposes of ruling on Plaintiff's Renewed Emergency Motion for Temporary Restraining Order (Dkt. 17; "Motion"):

- **Exhibit 1**, which is a true and correct copy of the version of X Corp.'s Terms of Service that became effective on November 15, 2024 ("Relevant TOS"), *available at* https://x.com/en/tos (last visited Apr. 23, 2025), and attached as Exhibit 1 to the Declaration of Norma N. Bennett ("Bennett Declaration");

- **Exhibit 2**, which is a true and correct copy of the version of X Corp.'s current Purchaser Terms of Service that became effective on March 15, 2025 ("Purchaser Terms"), *available at* https://legal.x.com/en/purchaser-terms.html (last visited Apr. 23, 2025), and attached as Exhibit 2 to the Bennett Declaration; and

- **Exhibit 3**, which is a true and correct copy of the version of X Corp.'s current Developer Agreement that became effective on November 20, 2024, *available at* https://developer.x.com/en/developer-terms/agreement (last visited Apr. 23, 2025), and attached as Exhibit 3 to the Bennett Declaration.

**II.      LEGAL STANDARD**

Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts not subject to reasonable dispute are ones that (1) are "generally known within the trial court's territorial jurisdiction" or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* At the pleading stage, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also*

*FirstBank Sw. v. Heartland Fin. USA, Inc*., 2021 WL 3743806, at *5 (N.D. Tex. Aug. 24, 2021) (judicially noticing facts in deciding motion for preliminary injunction).

In addition, under the incorporation-by-reference doctrine, a court may consider "documents incorporated into the complaint by reference." *Funk*, 631 F.3d at 783.

### III.   ARGUMENT

#### A.   The Exhibits Meet the Requirements of Fed. R. Evid. 201(b)

Exhibits 1 through 3, which are copies of X Corp.'s publicly available webpages, are properly subject to judicial notice because their contents are not subject to reasonable dispute. *See Kennedy v. Shell USA, Inc*., 2024 WL 2863381, at *3 (E.D. La. June 6, 2024) (taking judicial notice of defendant's website); *Columbare v. Sw. Airlines, Co*., 2023 WL 406439, at *4 (N.D. Tex. Jan. 10, 2023) (taking judicial notice of contract available on defendant's website and collecting cases where "[c]ourts have taken judicial notice of publicly available information on a company's official website"), *report and recommendation adopted*, 2023 WL 416548 (N.D. Tex. Jan. 25, 2023). Also, courts routinely take judicial notice of a company's terms of service, such as Exhibits 1 through 3. *See Ross v. NavyArmy Cmty. Credit Union*, 2022 WL 100110, at *2 (S.D. Tex. Jan. 11, 2022) (taking judicial notice of PayPal's terms and conditions); *Yuksel*, 2022 WL 16748612, at *2–3 (finding that Twitter's Terms of Service (among other documents) were "properly subject to judicial notice because they are publicly available webpages and their contents are not subject to reasonable dispute"); *Jones v. Twitter, Inc*., 2020 WL 6263412, at *1 n.2 (D. Md. Oct. 23, 2020) (X Corp.'s "publicly available Terms of Service are subject to judicial notice.").

Thus, it is appropriate for the Court to take judicial notice of Exhibits 1 through 3 under Federal Rule of Evidence 201(b) and consider them in deciding Plaintiff's Motion.

#### B.   The Exhibits Meet the Requirements for Incorporation by Reference

In the alternative, the Court can and should consider Exhibits 1 through 3 pursuant to the

doctrine of incorporation-by-reference doctrine. Under this doctrine, "[w]hen a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims . . . the court can also properly consider those documents." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co*., 920 F.3d 890, 900 (5th Cir. 2019).

Exhibits 1 through 3 are central to Plaintiff's claims. Plaintiff's breach of contract claim is based on allegations X Corp. breached the "User Agreement" (*i.e.*, the Relevant TOS), the "Premium subscriber agreement" (*i.e.*, X Corp.'s Purchaser Terms), and the "Developer Agreement." Dkt. 1 ¶ 133; *see also id.* ¶ 16 (referring to the "Terms of Service that took effect on November 15, 2024," *i.e.*, the Relevant TOS), ¶ 133 n.94 (citing https://x.com/en/tos). Similarly, his claim under the Texas Deceptive Trade Practices Act is premised in part on the allegation these agreements "confer[] or involve[] rights, remedies, or obligations" that they purportedly "do[] not have or involve." *Id.* ¶ 146. Further, Plaintiff alleges X Corp. removed or restricted Plaintiff's posts and other content on X, the social media platform X Corp. operates, even though he purportedly did not violate "X's Terms of Service." *Id.* ¶ 22.

Thus, Exhibits 1 through 3 are directly referenced in and central to Plaintiff's claims and subject to incorporation by reference. *See Gilani v. Univ. of Tex. Sw. Med. Ctr*., 2023 WL 2518811, at *1 (N.D. Tex. Mar. 13, 2023) ("[A] district court may properly consider contracts or other documents that are not attached to the complaint, but are referenced within it . . . ."); *Partners & Friends Holding Corp. v. Cottonwood Mins. L.L.C.*, 653 F. Supp. 3d 344, 348 (N.D. Tex. 2023) (incorporating contract by reference into complaint), *aff'd*, 2023 WL 8649880 (5th Cir. Dec. 14, 2023); *Moates v. Facebook Inc*., 2024 WL 2853976, at *1 n.1 (N.D. Cal. Apr. 3, 2024) ("Because the Terms of Service form the basis of Plaintiff's claims and is directly referenced within the [complaint], it is incorporated by reference." (citation omitted)).

## IV.     CONCLUSION

For these reasons, X Corp. respectfully requests this Court take judicial notice of, or in the alternative, incorporate by reference, Exhibits 1 through 3 attached to the Bennet Declaration and consider them in deciding Plaintiff's Motion.

Dated: April 24, 2025

Respectfully submitted,

By: */s/ Kimberly Priest Johnson*
    Texas Bar No. 24027753
    kpj@shb.com
    Norma N. Bennett
    Texas Bar No. 24028492
    nbennett@shb.com
    SHOOK, HARDY & BACON, LLP
    600 Travis, Suite 3400[*]
    Houston, Texas 77002
    (713) 227-8008 (Telephone)
    (713) 227-9508 (Facsimile)

    Kenneth M. Trujillo-Jamison
    (application for admission pro hac vice pending)
    WILLENKEN LLP
    707 Wilshire Blvd., Suite 4100
    Los Angeles, CA 90017
    Telephone: (213) 955-9240
    Facsimile: (213) 955-9250
    ktrujillo-jamison@willlenken.com

*Attorneys for Defendant X Corp.*

---

[*] Dallas Office Address Pending

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2025, a true and correct copy of the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing, and was transmitted to Plaintiff's counsel via ECF.

                                          */s/ Norma N. Bennett*
                                          Norma N. Bennett