UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS,<br><br>*Plaintiff*,<br><br>v.<br><br>X CORP.,<br><br>*Defendant*. | § § § § § § § § § § § § Civil Action No. 3:25-CV-0916-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Thomas Richards's Renewed Emergency Motion for Temporary Restraining Order (Doc. 17). Defendant X Corp. responded to the motion and requested the Court take judicial notice of X Corp.'s relevant Terms of Service, current Purchaser Terms of Service, and current Developer Agreement. (Doc. 25). After reviewing the motion, briefing, and applicable law, the Court **DENIES WITHOUT PREJUDICE** the motion for a temporary restraining order. (Doc. 17). As the Court had no need to rely on the exhibits attached to X Corp.'s motion, the Courts finds the motion to take judicial notice **MOOT**.

**I. Factual Background**

Richards is an active user on X, formerly known as Twitter, "sharing religious expression" with his followers.[1] X Corp. owns and operates the platform.[2] Richards alleges that X Corp. removed most of the content posted to his account and subjected

---

[1] Doc. 1 at 4.

[2] Doc. 1 at 10.

1

his content to "shadowbanning," "effectively silencing his unique religious voice."[3] Richards brings suit seeking recovery under the theory that X is subject to constitutional constraints because X Corp.'s "owner and controller, Elon Musk, simultaneously holds significant federal authority."[4] Pursuant to this Court's order, X Corp. responded to the motion arguing Richards' claims are banned by the X Corp.'s Terms of Service and that Richards fails to meet the relevant standard for injunctive relief.[5]

## II. Legal Standard

The standard governing temporary restraining orders is the same as the one governing preliminary injunctions.[6] The movant must establish four factors:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[7]

Failure to establish any one of these results in denial of the temporary restraining order.[8] Further, "a request for mandatory relief . . . is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."[9]

---

[3] Doc. 1 at 4–5.

[4] Doc. 1 at 6.

[5] Doc. 24 at 2–3.

[6] *See Fromhold v. Insight Glob., LLC*, 657 F. Supp. 3d 880, 887 (N.D. Tex. 2023), *appeal dismissed sub nom. Fromhold v. Insight Glob., L.L.C.*, No. 23-10275, 2023 WL 6126458 (5th Cir. May 2, 2023).

[7] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

[8] *See Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009).

[9] *Roark v. Individuals of Fed. Bureau of Prisons*, 558 Fed. App'x. 471, 472 (5th. Cir. 2014) (cleaned up).

## III. Analysis

Richards seeks "tiered injunctive relief," and asks the Court to enter an order that (1) requires X Corp. to restore "all of Plaintiff's historical content" to "original visibility settings," and (2) requires X Corp. to remove algorithmic and visibility filtering from Richards's account and restore access to Richards's bot accounts.[10]

Richards brings multiple claims: a violation of the first amendment under section 1983; violation of section 230(c)(2)(A); breach of contract; promissory estoppel; violation of TDTPA; tortious interference; common carrier liability; and violation of section 1981. "The first factor—likelihood of success on the merits—is the most important."[11] Richards' motion appears to only address the success of his claims under the First Amendment, section 230, and common carrier liability.[12]

On the present record, Richards does not meet the high standard for a temporary injunction. Richards must show that the "facts and law clearly favor" the injunctive relief.[13] Richards argues that because the owner of X Corp., Elon Musk, took a temporary position as a special government employee, the platform is converted into a government forum, and thus subject to liability as a government actor. This is a novel argument, and far from clear in the terms of either controlling law or the facts in the record. It is clear that the law is not so overwhelmingly obvious that this Court should enter a mandatory injunction against X Corp. granting

---

[10] Doc. 17 at 15-17.

[11] *United States v. Abbott*, 110 F.4th 700, 706 (5th Cir. 2024) (cleaned up).

[12] Doc. 17 at 7–12.

[13] *See Roark*, 558 Fed. App'x. at 472; *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976).

Richards ultimate relief at the outset of this litigation based on the current record. Therefore, the Court finds the application for a temporary restraining order should be **DENIED WITHOUT PREJUDICE**.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** the motion for a temporary restraining order.[14]

**IT IS SO ORDERED** this 14th day of May, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[14] The renewed motion for temporary restraining order also asks for an expedited hearing for a preliminary injunction. But there is no motion for a preliminary injunction pending in this case. In this district, it is favored that preliminary injunctions are resolved on the papers, not through evidentiary hearings. If Richards wants discovery before the pleadings are set for purposes of a preliminary injunction, he should file a motion asking for specific discovery.