# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

THOMAS RICHARDS

*Plaintiff,*

*v.*

X Corp.

*Defendant*

Case No. 3:25-cv-916

Lisa Weingarten Richards, Esq.

VSB #96671

NY BAR #4932570

LWR Law Offices

11166 Fairfax Blvd. Suite 500 #1344

Fairfax, VA 22030

*Tel.:* (202) 981-2059

lwr@lwrlawoffices.com

*Counsel for plaintiff*

# PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF

# MOTION TO PROCEED WITHOUT LOCAL COUNSEL

COMES NOW Plaintiff Thomas Richards ("Plaintiff"), by and through his undersigned counsel, and respectfully moves this Court to reconsider its Order dated May 15, 2025 (Doc. 32) denying Plaintiff's Motion for Pro Hac Vice Admission Without Local Counsel. This motion for reconsideration is necessary to address procedural inconsistencies that have materially impacted Plaintiff's ability to effectively litigate this matter. In support of this motion, Plaintiff states as follows:

## I. PROCEDURAL BACKGROUND

1. On April 13, 2025, Plaintiff's counsel filed an "Emergency Motion for Pro Hac Vice Admission Without Local Counsel" (Doc. 3-1), detailing counsel's extensive efforts over a near-four-month period to secure local counsel and the extraordinary circumstances warranting an exception.

2. On May 14, 2025, this Court entered an Order (Doc. 30) directing both parties to "appoint local counsel, in accordance with Local Rule 83.10, or to file a motion to proceed without local counsel, by June 13, 2025."

3. On May 14, 2025, Plaintiff filed a Motion for Reconsideration and Clarification (Doc. 31), noting that Plaintiff had already filed a motion to proceed without local counsel on April 13, 2025, which remained pending.

4. On May 15, 2025, this Court entered an Order (Doc. 32) denying Plaintiff's motion to proceed without local counsel (Doc. 3-1) - a motion that was filed on April 13, 2025, a full month before the Court even set a deadline.


## II. GROUNDS FOR RECONSIDERATION

The Court's May 14, 2025 Order (Doc. 30) presented Plaintiff with two options, one of which needed to be completed by June 13, 2025: (1) appoint local counsel or (2) file a motion to proceed without local counsel. Despite Plaintiff having explicitly informed the Court in the May 14, 2025 Motion for Reconsideration and Clarification (Doc. 31) that such a motion was already pending (filed April 13, 2025), the Court's May 15, 2025 Order (Doc. 32) proceeded as if this fact had not been brought to its attention, summarily denying the motion while maintaining the same deadline – effectively a new requirement  -- applicable *only* to appointing local counsel.

This sequence of events raises procedural concerns for several reasons:

First, it is unclear why the Court initially directed Plaintiff to file a motion to proceed without local counsel as one of two options if such relief was categorically unavailable. Local Rule 83.10 states that "[t]he presiding judge may, in his or her discretion, in a particular case for good cause shown, permit an attorney who is licensed in another state... to appear and participate in the case without an attorney from a law firm designated on CM/ECF as an NDTX Attorney." The Court's May 14 Order clearly contemplated this discretionary exception, only to foreclose it entirely in the May 15 Order without explanation.

Second, Plaintiff's April 13, 2025 motion (Doc. 3-1) detailed the extraordinary circumstances warranting an exception, including:

1. Diligent efforts to secure local counsel over a near-four-month period;

2. Explicit documentation that potential local counsel specifically cited fears of retaliation from X Corp. and its owner due to their unprecedented resources and power;

3. The emergency nature of the constitutional violations requiring prompt adjudication; and

4. Plaintiff's counsel's commitment to fulfill all duties normally required of local counsel.

The Court's denial order does not address these specific circumstances or explain why they do not constitute "good cause" under Local Rule 83.10.

Third, the Court's expansion of the geographic scope to include any Texas-licensed attorney directly contradicts the express definition in Local Rule 83.10(a), which defines "local counsel" as "a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending." By allowing counsel from anywhere in Texas--potentially as far as El Paso (approximately 635 miles from Dallas)--the Court has effectively rewritten the local rule while simultaneously enforcing it against Plaintiff. This internal contradiction undermines the stated purpose of the rule, which is clearly based on geographical proximity (within 50 miles) to the courthouse. Furthermore, Plaintiff's counsel has already demonstrated the ability to successfully navigate this Court's procedures, electronic filing

system, and applicable rules in all filings to date. In today's interconnected world with electronic filing systems and videoconferencing capabilities, the distinction between an attorney 635 miles away in El Paso and Plaintiff's counsel becomes arbitrary and serves no substantive function. This suggests that the local counsel requirement, as applied in this specific case, serves primarily as a procedural hurdle rather than a substantive safeguard of judicial efficiency.

Fourth, the Court's denial of the motion to proceed without local counsel raises new access-to-justice concerns not previously at issue. The requirement to retain additional counsel--particularly in a case against one of the world's wealthiest individuals and his trillion-dollar platform--imposes a significant financial barrier that was not contemplated when Plaintiff initiated this action. The Supreme Court has recognized that procedural requirements that function as financial barriers merit special scrutiny when they potentially impede access to the courts. See *Boddie v. Connecticut*, 401 U.S. 371, 380-81 (1971). This consideration has now become especially relevant to the "good cause" analysis under Local Rule 83.10 following the Court's denial order.

Fifth, the expansion of the geographic scope to include any Texas-licensed attorney does not fully address the difficulty articulated in Plaintiff's motion. As documented in the April 13 motion, the reluctance of attorneys to serve as local counsel stems primarily from concerns about X Corp.'s resources and influence, not geographic limitations.

## III. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Reconsider its denial of Plaintiff's Motion for Pro Hac Vice Admission Without Local Counsel

(Doc. 3-1);

2. In the alternative, provide specific guidance as to what would constitute "good cause"

sufficient to warrant an exception to the local counsel requirement in this case, so that Plaintiff

may address any perceived deficiencies in the original motion; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Lisa Weingarten Richards

Lisa Weingarten Richards

VSB #96671

NY BAR #4932570

LWR Law Offices

11166 Fairfax Blvd. Suite 500

#1344

Fairfax, VA 22030

Tel.: (202) 981-2059

lwr@lwrlawoffices.com

Counsel for Plaintiff

DATE: May 15, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2025, a true and correct copy of the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing, and was transmitted to Defendant's counsel via ECF.

/s/ Lisa Weingarten Richards

Lisa Weingarten Richards