IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>X Corp.<br><br>*Defendant* | Case No. 3:25-cv-916<br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>NY BAR #4932570<br>LWR Law Offices<br>11166 Fairfax Blvd. Suite 500 #1344<br>Fairfax, VA 22030<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintiff* |

**PLAINTIFF'S NOTICE REGARDING PREVIOUSLY FILED MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Thomas Richards respectfully submits this Notice to clarify the record regarding his

Motion for Preliminary Injunction.

In the Court's Order of May 14, 2025 (Doc. 29), footnote 14 states: "there is no motion for a preliminary injunction pending in this case." Plaintiff respectfully informs the Court that a comprehensive, 30-page Motion for Preliminary Injunction was in fact filed on April 13, 2025 as Document 5.

This separate Motion for Preliminary Injunction, filed contemporaneously with but distinct from the Renewed Emergency Motion for Temporary Restraining Order (Doc. 17), specifically requests detailed preliminary injunctive relief, including:

1. Prohibitions against religious/viewpoint-based suppression of Plaintiff's content;

2. Restoration of content made invisible since March 19, 2025;

3. Establishment of transparency and accountability measures;

4. Implementation of non-retaliation protections;

5. Preservation of critical evidence; and

6. Compliance verification through expedited discovery.

The Motion specifically requests expedited discovery, including:

- Disclosure of algorithmic content moderation systems and their application to Plaintiff's account

- Production of internal communications regarding content moderation decisions affecting Plaintiff

- Examination of source code, documentation, and change logs for visibility filtering systems

- Document production of shadowbanning protocols, both automated and human-directed

- Production of engagement metrics for comparable accounts

- Depositions of key X Corp. personnel, including executives, management, technical experts, and content moderation staff

- Depositions to be conducted remotely to promote efficiency and reduce unnecessary travel burdens

- Technical expert examination of account engagement data

The Motion for Preliminary Injunction includes a complete legal analysis supporting these requests, citing extensive legal authority including *Brentwood Academy v. Tennessee Secondary School Athletic Association*, 531 U.S. 288 (2001), *Elrod v. Burns*, 427 U.S. 347 (1976), and *NetChoice, L.L.C. v. Paxton*, 49 F.4th 439 (5th Cir. 2022). The motion addresses multiple legal theories including state action under the *Brentwood Academy* entanglement doctrine, limitations on Section 230 immunity, common carrier obligations, and the application of strict scrutiny to viewpoint-based discrimination.

Plaintiff files this Notice solely to ensure the accuracy of the record and to respectfully request that the Court consider the previously filed Motion for Preliminary Injunction (Doc. 5), which has been pending since April 13, 2025, and includes a request for an expedited discovery schedule of 60 days "to allow for prompt adjudication of the underlying claims."

Respectfully submitted,

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards
VSB #96671
NY BAR #4932570

LWR Law Offices
11166 Fairfax Blvd. Suite 500
#1344
Fairfax, VA 22030
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
Counsel for Plaintiff

DATE: May 16, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2025, a true and correct copy of the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing, and was transmitted to Defendant's counsel via ECF.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards