IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>X Corp.<br><br>*Defendant* | Case No. 3:25-cv-916<br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>NY BAR #4932570<br>LWR Law Offices<br>11166 Fairfax Blvd. Suite 500 #1344<br>Fairfax, VA 22030<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintiff* |

**MOTION FOR RECUSAL OF THE HONORABLE BRANTLEY D. STARR PURSUANT TO 28 U.S.C. § 455**

**TO THE HONORABLE COURT:**

Plaintiff Thomas Richards, through undersigned counsel, respectfully moves this Court for the recusal of the Honorable Brantley D. Starr pursuant to 28 U.S.C. § 455, as his impartiality might reasonably be questioned given the documented pattern of procedural irregularities, structural conflicts of interest, violations of Canon 2 and 3 of the Code of Conduct for United States Judges, and selective application of judicial principles that contradict his well-established public record of protecting religious expression.

## I. LEGAL STANDARD

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is objective - whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. The appearance of impropriety is sufficient; actual bias need not be proven.

Canon 3 of the Code of Conduct for United States Judges mandates that judges "perform the duties of judicial office impartially, competently, and diligently." Canon 2 requires that judges "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Judge Starr's conduct has violated these fundamental requirements.

## II. GROUNDS FOR RECUSAL

### A. STRUCTURAL CONFLICTS OF INTEREST

**1. Political and Professional Entanglements**

- **Trump Administration Alignment**: As a Trump appointee presiding over a case challenging a key Trump ally and major campaign contributor (Musk), while Musk

continues to advise the Trump administration and his companies hold billions in federal contracts

- **Ken Paxton Connection**: Judge Starr previously served as Deputy First Assistant Attorney General under Ken Paxton, who has a documented pattern of using government power to support Elon Musk's business interests, including investigations that federal courts found constituted illegal retaliation.

## 2. Government Entanglement Issues

This case directly challenges Elon Musk's dual role as:

- Owner/controller of X Corp. (the defendant)

- Former head of the Department of Government Efficiency (DOGE), with his "scheduled time as a Special Government Employee" having ended May 30, 2025

- Continued commitment to assist President Trump a "day or two per week" for the remainder of Trump's term (https://www.cnbc.com/2025/05/28/elon-musk-trump-doge.html)

- Recipient of at least $38 billion in government contracts, loans, subsidies and tax credits over the past two decades, with $15.4 billion in current government contracts (https://campaignlegal.org/update/musk-using-faa-benefit-himself-and-his-spacex-subsidiary-starlink and https://www.washingtonpost.com/technology/interactive/2025/elon-musk-business-government-contracts-funding/)

- Paid approximately $300 million to support Trump's 2024 election campaign

While Trump appointees might theoretically maintain impartiality in such circumstances, the specific facts here create an appearance of impropriety that violates judicial conduct standards. A reasonable observer would question whether any judge can impartially adjudicate constitutional challenges to a defendant who: (1) contributed $300 million to the appointing president's campaign; (2) holds $15.4 billion in ongoing federal contracts; (3) continues as a presidential advisor; and (4) owns the platform being challenged for censoring religious expression that this particular judge has zealously protected in other contexts.

Yet the specific facts here are indeed much worse and foreclose the appearance of impartiality.

## B. CONTRADICTORY APPLICATION OF JUDICIAL PRINCIPLES: THE SOUTHWEST AIRLINES PARADOX

Judge Starr's handling of this case stands in stark, inexplicable contrast to his demonstrated judicial philosophy regarding religious expression, as evidenced by his decision in *Carter v. Transport Workers Union of America Local 556*, 3:17-cv-02278, (N.D. Tex. Aug 07, 2023).

### 1. Southwest Airlines: Unprecedented Protection of Religious Expression

In Southwest Airlines, Judge Starr took extraordinary steps to protect religious expression:

- **Declared the Bible to be Truth**: Judge Starr literally called the Bible "historical" truth" in his judicial opinion *Carter v. Transport Workers Union of America Local 556*, 3:17-cv-02278, (N.D. Tex. Aug 07, 2023) ECF No. 467 at 2.

- **Ordered Religious Training**: He mandated that Southwest Airlines provide religious liberty training to employees - an order so extreme that the Fifth Circuit overturned it in May 2025, finding it "exceeded remedial bounds and sought to punish Southwest's

attorneys" and that "Punitive sanctions exceed the scope of a federal court's civil contempt authority." *Carter v. Local 556, 23-10008*, (5th Cir. May 08, 2025) ECF No. 243 at 60.

- **Willing to Be Overturned**: Judge Starr was so committed to protecting religious expression that he issued an order unprecedented in federal jurisprudence, fully aware it risked appellate reversal

- **Ongoing Case**: The Southwest Airlines case remains active, with the Fifth Circuit recently reversing Starr's religious training order while upholding the underlying religious discrimination judgment

## 2. Richards Case: Systematic Obstruction of Religious Expression

In direct contradiction to his Southwest Airlines approach, Judge Starr has systematically obstructed Plaintiff Richards' religious expression claims through:

- **Procedural Warfare**: Creating endless procedural barriers rather than addressing First Amendment merits

- **False Choices**: Offering the option to "file a motion to proceed without local counsel OR appoint counsel," then denying the motion without explanation

- **Mischaracterization**: Demonstrably false characterization of Plaintiff's legal arguments (May 21, 2025 order)

- **Selective Assistance**: Providing immediate help on trivial administrative matters while ignoring emergency constitutional claims

## 3. The Inexplicable Contradiction

Judge Starr's willingness to risk appellate reversal to protect religious expression in Southwest Airlines, contrasted with his systematic obstruction of religious expression claims in Richards, can only be explained by factors outside his judicial philosophy regarding religious liberty. The determining factor appears to be the political identity of the parties:

- **Southwest Airlines**: Corporate defendant with no Trump administration connections → Unprecedented protection for religious expression

- **Richards v. X Corp.**: Challenge to Trump ally Elon Musk → Systematic obstruction of identical religious expression claims

This pattern demonstrates that Judge Starr's publicly proclaimed religious convictions are performative rather than genuine. A judge who truly believes in biblical principles would protect religious expression consistently, not selectively based on political allegiances. The fact that Judge Starr claims to be a Christian yet refuses to protect a fellow believer's biblical speech when it conflicts with his political loyalties reveals that his religious liberty activism is merely for show - to impress certain political constituencies rather than reflect sincere conviction. This creates an appearance of bias that cannot be cured.

## C. DOCUMENTED PATTERN OF PROCEDURAL IRREGULARITIES

The record establishes a clear "whack-a-mole" pattern of procedural obstruction designed to avoid adjudicating constitutional merits:

### 1. Improper Venue Games

- Misconstrued X Corp.'s Terms of Service to order improper transfer

- Required $600 mandamus petition to correct obvious error

- Immediately granted 90 days service time after mandamus pressure

**2. Local Counsel Manipulation**

- Offered option to "file motion to proceed without local counsel"

- Denied motion without explanation or guidance

- Expanded geographic scope to all Texas, then contracted back to 50 miles

- Mischaracterized Plaintiff's reconsideration arguments

**3. Selective Judicial Assistance**

- Provided immediate assistance (within 24 hours) for trivial pro hac vice form corrections

- Ignored emergency constitutional TRO motion for weeks

- Denied emergency relief "without prejudice" based on false venue claims

**4. Systematic Avoidance of Constitutional Merits**

- Never substantively addressed Plaintiff's First Amendment claims

- Uses procedural mechanisms as pretexts to avoid politically sensitive constitutional questions

- Creates conditions designed to force technical dismissal rather than merits adjudication

**D. APPEARANCE OF IMPROPRIETY IS UNFIXABLE**

The contradiction between Judge Starr's Southwest Airlines religious liberty activism and his Richards obstruction creates an appearance of political bias that cannot be cured through any procedural safeguards. When a judge's application of identical legal principles depends entirely

on the political alignment of the parties, recusal is the only remedy that can restore public confidence in judicial impartiality.

III. SPECIFIC INSTANCES DEMONSTRATING BIAS

1. The "False OR" Deception (May 14-15, 2025)

- Court order: "appoint local counsel OR file a motion to proceed without local counsel"
- When Plaintiff chose the second option, Court denied without explanation.
- Demonstrates bad faith in offering procedural choices the Court had no intention of honoring

2. Demonstrably False Order (May 21, 2025)

- Court claimed Plaintiff "objects to the Court's expansion of local counsel to any attorney in Texas".
- Plaintiff's actual argument: expansion demonstrated the arbitrary nature of the requirement
- Such mischaracterization in a judicial order suggests inability to fairly evaluate Plaintiff's arguments.

3. Emergency Relief Denial Pattern

- Denied initial TRO/preliminary injunction based on Judge Starr's false venue claims (venue transfer later vacated)
- Denied renewed emergency TRO "without prejudice" for unstated reasons

- Has never addressed the substantive First Amendment violations despite their emergency nature

## IV. CONCLUSION

Judge Starr's documented willingness to risk appellate reversal to protect religious expression in Southwest Airlines, contrasted with his systematic obstruction of identical claims in Richards v. X Corp., establishes that his judicial decision-making is driven by political loyalty rather than consistent legal principles. His conduct has violated Canon 2 and Canon 3 of the Code of Conduct for United States Judges, undermining public confidence in judicial impartiality and competence.

The appearance of impropriety created by this contradiction, combined with the structural conflicts arising from his prior employment under Ken Paxton and the defendant's massive financial relationship with the Trump administration, requires recusal under 28 U.S.C. § 455(a).

The pattern of procedural irregularities documented in Plaintiff's recent mandamus petition demonstrates that Judge Starr cannot provide the fair adjudication that Plaintiff's constitutional claims deserve. The contrast is particularly stark: a judge who will risk appellate reversal to protect religious expression when no political interests are at stake but will create endless procedural barriers to avoid adjudicating identical claims when they challenge a major Trump supporter and financial backer.

Given that Plaintiff has now secured local counsel (albeit at an expense and to comply with docket appearance purposes), this motion focuses primarily on the appearance of bias requiring reassignment. The pattern of Canon 2 and 3 violations and systematic obstruction of

constitutional claims necessitates recusal to restore public confidence in the impartial administration of justice.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

1. Grant this Motion for Recusal pursuant to 28 U.S.C. § 455(a);

2. Reassign this case to another judge in the Northern District of Texas, Dallas Division;

3. Vacate the Court's prior Orders denying Plaintiff's renewed emergency temporary restraining order and preliminary injunction motions (Docs. 10, 29) without prejudice to allow the newly assigned judge to consider said motions on their merits;

4. Direct that any newly assigned judge consider Plaintiff's constitutional claims and all motions (including those revived by vacation of prior orders) without prejudice to their substance; and

5. Grant such other relief as the Court deems just and proper.

---

*Respectfully submitted,*

**Lisa Weingarten Richards**
VSB #96671
NY BAR #4932570
LWR Law Offices
11166 Fairfax Blvd. Suite 500 #1344
Fairfax, VA 22030
Tel.: (202) 981-2059
lwr@lwrlawoffices.com

*Counsel for Plaintiff*

DATE: June 2, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2025, a true and correct copy of the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing, and was transmitted to Defendant's counsel via ECF.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards