UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS RICHARDS, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 3:25-CV-0916-X |
| X CORP., | § § | |
| *Defendant.* | § § § | |

# ORDER

Before the Court is Plaintiff Thomas Richards's motion for recusal of the undersigned. (Doc. 39). Richards argues that the undersigned should recuse because of (1) "structural conflicts of interest"; (2) "contradictory application of judicial principles"; and (3) "procedural irregularities."[1] The Court finds that none of Richards' arguments rise to the high bar for recusal, and the motion is **DENIED**.

Section 455 states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[2] "The bar for recusal under § 455 is a high one."[3]

First, Richards argues that because the undersigned was a Trump judicial appointee he is conflicted off this case involving Elon Musk and Donald Trump. That is not the standard. The pertinent standard is that a judge will disqualify himself

---

[1] Doc. 39 at 2, 4, 6.

[2] 28 U.S.C. § 455.

[3] *Dondero v. Jernigan*, 2025 WL 1122466, at *4 (5th Cir. 2025).

1

where there is a "personal bias or prejudice concerning a party," or where he has a "financial interest in the subject matter in controversy or in a party to the proceeding."[4] The appointing president does not create a judicial conflict. One third of the Justices on the Supreme Court of the United States were appointed by President Trump, and they sit in judgment on cases where President Trump is a party, including cases involving injunctive relief.[5] The lower courts are no different. Next, the undersigned's previous employment at the Office of the Texas Attorney General is also not cause for recusal. The standard is that a judge should disqualify where he has participated in some capacity "concerning the proceeding" at hand.[6] There is no such involvement, association, or participation here.

Next, Richards argues that the undersigned should recuse because of "contradictory application of judicial principles," comparing this case to *Carter v. Transport Workers Union of America, Local 556*.[7] *Carter* proceeded through the litigation process to a jury trial, and this Court entered judgment on a jury verdict.[8] This case is in the earliest stages of litigation. And Richards has yet to marshal the required amount of evidence to match up to his counts to warrant preliminary relief (a feat never attempted in *Carter*). To the extent Richards is arguing that the

---

[4] 28 U.S. § 455(b)(1), (4).

[5] *See, e.g., Trump v. CASA, INC.*, 606 U.S. ___, 2025 WL 1773631 (2025); *A.A.R.P. v. Trump*, 145 S. Ct. 1364 (2025); *Trump v. J.G.G.*, 145 S. Ct. 1003 (2025); *Trump v. United States*, 603 U.S. 593 (2024); *Trump v. Hawaii*, 585 U.S. 667 (2018).

[6] 28 U.S. § 455(b)(2)-(3).

[7] 644 F. Supp. 3d 315 (N.D. Tex. 2022), *aff'd in part, rev'd in part sub nom. Carter v. Loc. 556, Transp. Workers Union of Am.*, 138 F.4th 164 (5th Cir. 2025).

[8] *Id.* at 321.

undersigned should recuse because the Court did not grant his requested injunctive relief, adverse rulings are not a sufficient ground to necessitate recusal.[9] "Adverse judicial rulings will support a claim for bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible."

Finally, Richards argues a series of "procedural irregularities." For this proposition, he points to the Court's orders on venue, local counsel, and accuses the Court of ignoring his "emergency constitutional TRO motion."[10] The Court will reiterate that adverse rulings are not a sufficient ground to necessitate recusal.[11] Such alleged irregularities do not meet the high bar of recusal.

Richards' motion for recusal is **DENIED**.

**IT IS SO ORDERED** this 15th day of July, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] *Calhoun v. Villa*, 761 Fed. App'x 297, 301 (5th Cir. 2019).

[10] Doc. 39 at 7. The Court denied the motion. Doc. 29.

[11] *Calhoun*, 761 Fed. App'x at 301.