# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## DALLAS DIVISION

THOMAS RICHARDS

*Plaintiff,*

*v.*

X CORP.  and
DONALD J. TRUMP, Individually,

*Defendants*

Case No. 3:25-cv-916

Lisa Weingarten Richards, Esq.

VSB #96671

NY BAR #4932570

LWR Law Offices

3060 Williams Dr

Ste 300 #510

Fairfax, VA 22031

*Tel.:* (202) 981-2059

lwr@lwrlawoffices.com

*Counsel for plaintiff*

**PLAINTIFF'S SUPPLEMENTAL NOTICE REGARDING SERVICE OF COURT'S
ORDER (DOC. 62) ON DEFENDANT DONALD J. TRUMP**

Plaintiff Thomas Richards files this supplemental notice regarding service of this Court's Order (Doc. 62) on Defendant Donald J. Trump, which reveals a troubling pattern of obstruction that directly supports Plaintiff's constitutional claims about Defendants' coordinated efforts to undermine judicial proceedings.

## I. BACKGROUND: FREEMAN'S ESTABLISHED AUTHORITY TO ACCEPT SERVICE

Dan Freeman serves as Director of Security at Mar-a-Lago and has repeatedly accepted legal service on Trump's behalf in his official capacity. Multiple documented instances confirm Freeman's authority:

**1. July 11, 2025 - This Case:** Professional process server Qoral Rahming served Trump through Freeman, who explicitly "confirmed that (s)he is AUTHORIZED to accept service for Donald J. Trump" and "verbally identified his position of authority." Freeman accepted service and confirmed he would inform Trump of the contents. (Exhibit A)

**2. October 24, 2024 - Central Park Five Case:** As reported by Newsweek, "The summons in the lawsuit brought by the Central Park Five, now often referred to as the Exonerated Five, was served to Trump's director of security, Dan Freeman, on behalf of the former president at the Florida resort at 4:10 p.m. on October 24." The court filing confirmed "Trump is aware of the suit, per Freeman who said within the summons return that he has informed Trump of the summons and the contents of the suit." See https://www.newsweek.com/donald-trump-lawsuit-served-mar-lago-election-day-court-filing-1980642

**3. Freeman's Role as Director of Security:** Freeman holds the official position of Director of Security at Mar-a-Lago, a role that inherently includes authority to accept legal documents on behalf of the property owner.

## II. FREEMAN'S SUDDEN REVERSAL AFTER COURT ORDER

On July 22, 2025, at approximately 9:45 AM, Plaintiff's counsel contacted Freeman to serve this Court's expedited briefing Order (Doc. 62) as required within 24 hours. The communication proceeded as follows:

**Initial Phone Conversation:** Freeman confirmed over the phone that Plaintiff's counsel could send it to him, clearly indicating willingness to accept service. When counsel mentioned serving via email, Freeman responded with surprise, stating something to the effect of "oh email?" in a tone suggesting he was familiar with legal service procedures and expected traditional process service. Freeman's reaction demonstrated his knowledge and experience with legal service matters.

**Email Service:** At 9:57 AM, Plaintiff's counsel emailed Freeman the Court's Order, stating: "Please confirm that you are authorized to receive legal documents on behalf of Donald Trump in his personal capacity and please confirm receipt of these documents." (Exhibit B – also included within Doc. 64)

**Freeman's Contradiction:** At 5:54 PM, Freeman suddenly reversed his position, claiming via email reply: "Mrs. Richard's I am not authorized to accept legal documents on behalf of Donald Trump." (sic) (Exhibit B)

**Counsel's Response:** At 5:59 PM, Plaintiff's counsel noted the contradiction, replying to his email, stating: "Over the phone today you said I could send it to you. Also I understand that my process server provided you a complaint the other day and you stated at that time that you are authorized to accept on his behalf." Dan Freeman did not reply to the email. (Exhibit B)

## V. PATTERN OF COORDINATED OBSTRUCTION

The sequence of events reveals a coordinated effort to obstruct service of this Court's Order:

**1. Executive Assistant Disappearance:** After being identified by Mar-a-Lago security as the appropriate recipient for legal service, Ms. Rinkus suddenly became unavailable for "a week" - precisely when federal court deadlines required immediate service.

**2. Security Director Reversal:** Freeman, who had confirmed his authority and accepted service just eleven days earlier, abruptly denied authority within hours of initially accepting the Court's Order.

**3. Timing Correlation:** Both key personnel became "unavailable" or "unauthorized" precisely when this Court's expedited Order required immediate compliance.

This pattern mirrors the broader coordination alleged in Plaintiff's constitutional claims and demonstrates how Defendants systematically obstruct judicial proceedings while maintaining plausible deniability.

## IV. COMPREHENSIVE COMPLIANCE WITH COURT'S ORDER "BY WHATEVER MEANS NECESSARY"

Upon receiving this Court's Order (Doc. 62) on July 21, 2025, requiring service within 24 hours, Plaintiff immediately undertook multiple service attempts to ensure compliance:

### A. First Attempt: Service via Trump's Executive Assistant (July 21, 2025)

At approximately 3:45 PM Eastern on July 21, 2025, shortly after receiving this Court's Order Doc. 62, Plaintiff's counsel called Mar-a-Lago's main number and pressed option 10 (security). The person who answered, identifying himself as "Will," directed counsel to serve the TRO and court documents to Heather Rinkus, whom he identified as the appropriate recipient. Will stated

that Heather had "left for the day" and instructed counsel to call her tomorrow at 9AM. Online research confirmed Ms. Rinkus serves as Trump's Executive Assistant.

At 4:17 PM on July 21, 2025, Plaintiff's counsel sent Ms. Rinkus an email with the subject line "URGENT LEGAL SERVICE - Federal Court Order Requires Immediate Service on President Trump - Case 3:25-cv-00916-X." The email stated: "This email constitutes official service of federal court documents on President Donald J. Trump pursuant to court order in Case No. 3:25-cv-0916-X. The U.S. District Court has authorized service 'by whatever means necessary' with a 24-hour deadline." The email included both the Court's Order and the Emergency TRO Motion as attachments. (Exhibit C)

Following Will's instruction to call back the next day, counsel was directed to call at 9:00 AM on July 22, 2025. Ms. Rinkus did not respond to the email.

## B. Follow-up Call Reveals Obstruction (July 22, 2025)

When counsel called Mar-a-Lago at 9:00 AM on July 22, 2025, as instructed, the person who answered stated that Ms. Rinkus was out of the office for a week - a convenient absence given the pending federal court deadline.

## C. Second Attempt: Service via Security Director Freeman (July 22, 2025)

Given Ms. Rinkus's sudden unavailability, counsel contacted Dan Freeman, Director of Security, who had successfully accepted service in this same case on July 11, 2025. The communication proceeded as documented above, resulting in Freeman's inexplicable reversal from morning acceptance to evening denial.

## D. Continuing Service Efforts (July 23, 2025)

Plaintiff has retained a professional process server who will attempt service on July 23, 2025, armed with documentation of Freeman's established authority and prior acceptance of service. The process server will serve Freeman or any other authorized person at Mar-a-Lago to ensure completion of service.

**E. Summary of Service Compliance**

**1. Email Service to Executive Assistant:** July 21, 2025, at 4:17 PM

**2. Email Service to Security Director:** July 22, 2025, at 9:57 AM

**3. Professional Process Service:** Scheduled July 23, 2025

**4. Good Faith Court Notice:** Filed July 22, 2025

Plaintiff has exhausted multiple channels and employed "whatever means necessary" as directed by this Court.

**VI. REQUEST FOR JUDICIAL NOTICE**

This Court should take judicial notice that the coordinated unavailability of multiple Trump personnel - his Executive Assistant's sudden week-long absence and Freeman's contradictory positions regarding authority - demonstrates the same pattern of obstruction and coordination that forms the basis of Plaintiff's constitutional claims. The systematic obstruction of this Court's Order perfectly exemplifies how Defendants coordinate to undermine judicial proceedings while maintaining plausible deniability.

All relevant documentation, including email communications with Ms. Rinkus and text message confirmations from the process server regarding Freeman's established authority (Exhibit D), will be attached to this filing.

**CONCLUSION**

Freeman's documented authority to accept service, followed by his inexplicable denial after this

Court's Order, provides compelling evidence of the coordinated obstruction Plaintiff alleges

throughout this case. Plaintiff has nonetheless complied with this Court's directive through

multiple service methods and respectfully requests that Trump's response deadline begin running

from actual notice on July 22, 2025.

Respectfully submitted,

/s/ Lisa Weingarten Richards
**Lisa Weingarten Richards**
LWR Law Offices
3060 Williams Dr
Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
VA BAR # 96671
NY BAR #4932570
*Counsel for Plaintiff*

**DATE:** July 22, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2025, a true and correct copy of the foregoing document was

electronically transmitted to the Clerk of Court using the ECF System for filing, and was

transmitted to X's counsel via ECF.

 /s/ Lisa Weingarten Richards

Lisa Weingarten Richards
LWR Law Offices
3060 Williams Dr
Ste 300 #510

Fairfax, VA 22031
*Tel.:* (202) 981-2059
<u>lwr@lwrlawoffices.com</u>
VA BAR # 96671
NY BAR #4932570
*Counsel for plaintiff*