IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>X CORP. and<br>DONALD J. TRUMP, Individually,<br><br>*Defendants* | Case No. 3:25-cv-916<br><br><br><br><br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>NY BAR #4932570<br>LWR Law Offices<br>3060 Williams Dr<br>Ste 300 #510<br>Fairfax, VA 22031<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintiff* |

## PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS FOR PERJURIOUS OBSTRUCTION OF FEDERAL COURT ORDER

### Use of Generative Artificial Intelligence

This brief was prepared using generative artificial intelligence.

## I. INTRODUCTION

Less than 24 hours ago, Plaintiff filed a supplemental notice (Doc. 65) documenting Defendant Trump's systematic obstruction of this Court's expedited briefing Order through his Director of Security Dan Freeman's false denial of authority to accept service. This morning's events have proven beyond dispute that Freeman's denial was a **deliberate lie** designed to obstruct federal court proceedings.

At 9:48 AM on July 23, 2025 - exactly 16 hours after claiming "I am not authorized to accept legal documents on behalf of Donald Trump" - **Freeman accepted service without hesitation**, proving his prior denial was perjurious obstruction of this Court's Order.

## II. UNDISPUTED FACTS

**July 22, 2025 - 5:54 PM:** Freeman emails: "Mrs. Richard's I am not authorized to accept legal documents on behalf of Donald Trump."

**July 23, 2025 - 9:48 AM:** Professional process server serves Freeman, who **accepts service normally** with no claims of lack of authority.

**Time Difference:** 15 hours and 54 minutes between Freeman's false denial and normal acceptance.

## III. LEGAL STANDARD FOR SANCTIONS

This Court possesses inherent authority to impose civil sanctions for bad faith conduct that obstructs judicial proceedings. Additionally, Freeman's conduct constitutes contempt of court under 18 U.S.C. § 401(3) for willful disobedience of this Court's Order requiring service within

24 hours by whatever means necessary. Section 401 authorizes this Court to "punish by fine or imprisonment, or both, at its discretion" for such disobedience of lawful court orders.

## IV. FREEMAN'S CONDUCT WARRANTS SANCTIONS

### A. Perjurious False Statements

Freeman's email denial of authority was demonstrably false, as proven by his immediate acceptance of service the following morning. This constitutes a material false statement designed to obstruct federal court proceedings.

### B. Obstruction of Federal Court Order

This Court's Order (Doc. 62) required service within 24 hours "by whatever means necessary." Freeman's false denial was calculated to prevent compliance with this Court's directive.

### C. Pattern of Bad Faith

Freeman's conduct is part of a documented pattern of obstruction:

- July 11: Accepts service and confirms authority
- July 22 AM: Confirms authority over phone
- July 22 PM: Denies authority via email
- July 23 AM: Accepts service normally

This sequence proves deliberate deception rather than confusion.

Following Plaintiff's 9:57 AM email, Freeman became inaccessible despite having confirmed at 9:43 AM that he could accept service by email. Between 11:11 AM and 12:25 PM, Plaintiff's counsel made 8 attempts to reach Freeman through Mar-a-Lago's phone system, navigating

through security extensions, with most calls lasting 30 seconds or less. (Exhibit A) On the few occasions counsel reached Freeman's extension, he did not answer. At 12:25 PM, counsel ceased attempts and retained ABC Legal Services for formal process service. Freeman's sudden unavailability, followed by his false denial at 5:54 PM, demonstrates coordinated avoidance while crafting his obstructionist response.

## V. TRUMP SHOULD FACE SANCTIONS FOR DIRECTING FREEMAN'S OBSTRUCTION

Upon information and belief, Defendant Trump directed Freeman's false denial of authority to obstruct this Court's expedited service deadline. Multiple factors support this inference:

**Direct Communication Pattern**: As reported by Newsweek on November 6, 2024, in the Central Park Five litigation, Freeman confirmed within his return of service that "he has informed Trump of the summons and the contents of the suit." (https://www.newsweek.com/donald-trump-lawsuit-served-mar-lago-election-day-court-filing-1980642) This establishes that Freeman regularly reports legal service matters directly to Trump and receives instructions regarding litigation responses.

**Timing Evidence**: Freeman's 8-hour delay between Plaintiff's email and his false denial, combined with his sudden unavailability by phone, strongly suggests consultation with superiors before responding.

**Coordinated Response Pattern**: Freeman's detailed knowledge of Plaintiff's counsel's marital status (using "Mrs." which is accurate for Counsel, but the default term is currently "Ms."), his initial willingness to accept service, followed by categorical denial, demonstrates a coordinated strategy rather than individual confusion.

**Systematic Obstruction**: This conduct fits the broader pattern of obstruction alleged throughout this litigation, including the coordinated unavailability of Trump's Executive Assistant during the same critical period.

Trump's direction of Freeman's obstruction constitutes contempt under 18 U.S.C. § 401(3) for directing "disobedience or resistance" to this Court's lawful order requiring expedited service.

## VI. SANCTIONS REQUESTED

Plaintiff respectfully requests this Court:

**Against Freeman: 1. Contempt Citation**: Find Freeman in contempt under 18 U.S.C. § 401(3) for obstructing this Court's Order through false statements about his authority.

**Against Trump:**

**2. Contempt Citation**: Find Trump in contempt under 18 U.S.C. § 401(3) for directing Freeman's disobedience of this Court's expedited service order.

**Joint Relief:**

**3. Monetary Sanctions**: Hold Trump and Freeman jointly and severally liable for Plaintiff's attorney's fees and costs, including:

- Additional legal research and briefing time
- Process server fees for redundant service attempts

**4. Adverse Inference**: Draw adverse inference that Trump systematically directs obstruction of judicial proceedings.

**5. Default Judgment**: Consider entry of default judgment against Trump for systematic obstruction of service and court orders.

**6. Criminal Referral**: Refer both Freeman and Trump to appropriate authorities for potential criminal prosecution for conspiracy to obstruct justice and coordinated obstruction of federal court proceedings.

**7. Institutional Protection**: Sanction this conduct to prevent dangerous precedent that federal court orders can be obstructed through coordinated deception, which would undermine the authority of all federal courts and encourage similar obstruction in future cases.

## VII. CONCLUSION

Freeman's provably false denial of authority, followed by immediate acceptance of service, constitutes inexcusable obstruction of this Court's Order. Such conduct undermines the integrity of federal court proceedings and warrants immediate sanctions.

No legitimate explanation exists for Freeman's contradictory behavior except deliberate obstruction coordinated with Defendant Trump to delay these proceedings.

Respectfully submitted,

/s/ Lisa Weingarten Richards

**Lisa Weingarten Richards**
LWR Law Offices
3060 Williams Dr
Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
VA BAR # 96671
NY BAR #4932570
*Counsel for Plaintiff*

**DATE:** July 23, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2025, a true and correct copy of the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and was transmitted to X's counsel via ECF.

 /s/ Lisa Weingarten Richards

Lisa Weingarten Richards
LWR Law Offices
3060 Williams Dr
Ste 300 #510
Fairfax, VA 22031
*Tel.:* (202) 981-2059
lwr@lwrlawoffices.com
VA BAR # 96671
NY BAR #4932570
*Counsel for plaintiff*