IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS,<br><br>   Plaintiff,<br><br>v.<br><br>X CORP., *et al.*,<br><br>   Defendant. | Civil Action No. 3:25-cv-00916-X |

**DEFENDANT X CORP.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
ITS OPPOSITION TO PLAINTIFF'S SECOND RENEWED EMERGENCY
<u>MOTION FOR TEMPORARY RESTRAINING ORDER</u>**

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201 and the incorporation-by-reference doctrine, Defendant X Corp. respectfully requests that the Court take judicial notice of, or in the alternative, incorporate by reference, the following documents for purposes of ruling on Plaintiff's Second Renewed Emergency Motion for Temporary Restraining Order (Dkt. 52; "Motion"):

- **Exhibit 1**, which is a true and correct copy of the version of X Corp.'s Terms of Service that became effective on November 15, 2024 ("Relevant TOS"), *available at* https://x.com/en/tos (last visited July 28, 2025), and attached as Exhibit 1 to the Declaration of Kenneth M. Trujillo-Jamison ("Trujillo-Jamison Declaration");

- **Exhibit 2**, which is a true and correct copy of the version of X Corp.'s current Purchaser Terms of Service that became effective on March 15, 2025 ("Purchaser Terms"), *available at* https://legal.x.com/en/purchaser-terms.html (last visited July 28, 2025), and attached as Exhibit 2 to the Trujillo-Jamison Declaration.

## II. LEGAL STANDARD

Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts not subject to reasonable dispute are ones that (1) are "generally known within the trial court's territorial jurisdiction" or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* At the pleading stage, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also FirstBank Sw. v. Heartland Fin. USA, Inc.*, 2021 WL 3743806, at *5 (N.D. Tex. Aug. 24, 2021) (judicially noticing facts in deciding motion for preliminary injunction).

In addition, under the incorporation-by-reference doctrine, a court may consider "documents incorporated into the complaint by reference." *Funk*, 631 F.3d at 783.

### III.  ARGUMENT

#### A.  The Exhibits Meet the Requirements of Fed. R. Evid. 201(b)

Exhibits 1 and 2, which are copies of X Corp.'s publicly available webpages, are properly subject to judicial notice because their contents are not subject to reasonable dispute. *See Kennedy v. Shell USA, Inc.*, 2024 WL 2863381, at *3 (E.D. La. June 6, 2024) (taking judicial notice of defendant's website); *Columbare v. Sw. Airlines, Co.*, 2023 WL 406439, at *4 (N.D. Tex. Jan. 10, 2023) (taking judicial notice of contract available on defendant's website and collecting cases where "[c]ourts have taken judicial notice of publicly available information on a company's official website"), *report and recommendation adopted*, 2023 WL 416548 (N.D. Tex. Jan. 25, 2023). Also, courts routinely take judicial notice of a company's terms of service, such as Exhibits 1 through 3. *See Ross v. NavyArmy Cmty. Credit Union*, 2022 WL 100110, at *2 (S.D. Tex. Jan. 11, 2022) (taking judicial notice of PayPal's terms and conditions); *Yuksel*, 2022 WL 16748612, at *2–3 (finding that Twitter's Terms of Service (among other documents) were "properly subject to judicial notice because they are publicly available webpages and their contents are not subject to reasonable dispute"); *Jones v. Twitter, Inc.*, 2020 WL 6263412, at *1 n.2 (D. Md. Oct. 23, 2020) (X Corp.'s "publicly available Terms of Service are subject to judicial notice.").

Thus, it is appropriate for the Court to take judicial notice of Exhibits 1 and 2 under Federal Rule of Evidence 201(b) and consider them in deciding Plaintiff's Motion.

#### B.  The Exhibits Meet the Requirements for Incorporation by Reference

In the alternative, the Court can and should consider Exhibits 1 and 2 pursuant to the doctrine of incorporation-by-reference doctrine. Under this doctrine, "[w]hen a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims . . . the court can also properly consider those documents." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

Exhibits 1 and 2 are central to Plaintiff's claims. Plaintiff's breach of contract claim is based on allegations X Corp. breached the "User Agreement" (*i.e.*, the Relevant TOS) and committed "Premium Service Fraud" (*i.e.*, breached X Corp.'s Purchaser Terms). Dkt. 44 ¶ 215; *see also id.* ¶ 26 (referring to the "Terms of Service that took effect on November 15, 2024," *i.e.*, the Relevant TOS), ¶ 215 n.133 (citing https://x.com/en/tos).. Further, Plaintiff alleges X Corp. removed or restricted Plaintiff's posts and other content on X, the social media platform X Corp. operates, even though he purportedly did not violate "X's Terms of Service." *Id.* ¶ 37.

Thus, Exhibits 1 and 2 are directly referenced in and central to Plaintiff's claims and subject to incorporation by reference. *See Gilani v. Univ. of Tex. Sw. Med. Ctr.*, 2023 WL 2518811, at *1 (N.D. Tex. Mar. 13, 2023) ("[A] district court may properly consider contracts or other documents that are not attached to the complaint, but are referenced within it . . . ."); *Partners & Friends Holding Corp. v. Cottonwood Mins. L.L.C.*, 653 F. Supp. 3d 344, 348 (N.D. Tex. 2023) (incorporating contract by reference into complaint), *aff'd*, 2023 WL 8649880 (5th Cir. Dec. 14, 2023); *Moates v. Facebook Inc.*, 2024 WL 2853976, at *1 n.1 (N.D. Cal. Apr. 3, 2024) ("Because the Terms of Service form the basis of Plaintiff's claims and is directly referenced within the [complaint], it is incorporated by reference." (citation omitted)).

### IV.   CONCLUSION

For these reasons, X Corp. respectfully requests this Court take judicial notice of, or in the alternative, incorporate by reference, Exhibits 1 and 2 attached to the Trujillo-Jamison Declaration and consider them in deciding Plaintiff's Motion.

Dated: July 28, 2025            Respectfully submitted,

By: */s/ Norma N. Bennett*
Kimberly Priest Johnson
SHOOK, HARDY & BACON, LLP
Texas Bar No. 24027753
kpj@shb.com
100 Crescent Ct., Suite 700
Dallas, Texas 75201

Norma N. Bennett
SHOOK, HARDY & BACON, LLP
Texas Bar No. 24028492
nbennett@shb.com
600 Travis, Suite 3400
Houston, Texas 77002
(713) 227-8008 (Telephone)
(713) 227-9508 (Facsimile)

Kenneth M. Trujillo-Jamison
(*pro hac vice*)
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250
ktrujillo-jamison@willlenken.com

*Attorneys for Defendant X Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, a true and correct copy of the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing, and was transmitted to Plaintiff's counsel via ECF.

*/s/ Norma N. Bennett*
Norma N. Bennett