UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS RICHARDS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0916-X |
| | § | |
| X CORP. and DONALD J. TRUMP, Individually, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Thomas Richards's Third Emergency Motion for Temporary Restraining Order (Doc. 52) against Defendants X Corp. and Donald J. Trump, in his individual capacity. The motion dutifully complied with our local rule requiring the disclosure of the use of generative artificial intelligence in drafting a filing. After reviewing the motion, briefing, and applicable law, the Court **DENIES** the motion for a temporary restraining order. (Doc. 52).

Also before the Court are X Corp.'s motion to take judicial notice (Doc. 71) and Richards' motion for sanctions against Donald Trump and Dan Freeman (Doc. 67) (the latter also drafted with the help of generative AI). As the Court had no need to rely on the exhibits attached to X Corp.'s motion, the Courts finds the motion to take judicial notice **MOOT** (Doc. 71). And because Donald J. Trump timely responded to the motion per the Court's order, the Court **DENIES** Richards' motion for sanctions (Doc. 67).

## I.  Factual Background

Richards is an active user on X, formerly known as Twitter, where he alleges he has built a following and shares his sincerely held beliefs.  X Corp. owns and operates the platform.  Richards alleges that X Corp. removed most of the content posted to his account and subjected his content to "shadowbanning."  Richards seeks recovery under the theory that X is subject to constitutional constraints because X Corp.'s owner and controller, Elon Musk, "simultaneously holds significant federal authority."[1]  The Court denied Richards' two prior motions for temporary restraining orders.  Richards then filed an amended complaint, joining Donald J. Trump in his individual capacity, and filed a third motion for a temporary restraining order, which the Court considers here.

## II.  Legal Standard

The standard governing temporary restraining orders is the same as the one governing preliminary injunctions.[2]  The movant must establish four factors:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[3]

---

[1] Doc. 52 at 5.

[2] *See Fromhold v. Insight Glob., LLC*, 657 F. Supp. 3d 880, 887 (N.D. Tex. 2023), *appeal dismissed sub nom. Fromhold v. Insight Glob., L.L.C.*, No. 23-10275, 2023 WL 6126458 (5th Cir. May 2, 2023).

[3] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

Failure to establish any one of these results in denial of the temporary restraining order.[4]  Further, "a request for mandatory relief . . . is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."[5]

### III.  Analysis

The Court first addresses the claim for injunctive relief against Donald J. Trump, then turns to the claim for injunctive relief against X Corp.

#### A.   Donald J. Trump

Richards asks this Court to "[o]rder President Trump to cease coordination with private platforms for religious speech suppression and issue executive directive prohibiting federal agencies from using AI systems with documented religious bias for government functions."[6]  The Court is flattered but does not think that highly of itself.

Richards sues President Donald J. Trump in his individual capacity but asks the Court to make him perform official duties.  Suing a government official in his individual capacity is a bar on injunctive relief related to his official duties.[7]  Therefore, the Court **DENIES** the motion as to Donald J. Trump on this basis.  Additionally, as the Court elaborates below, Richards cannot meet the standard for injunctive relief as to X Corp.

---

[4] *See Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009).

[5] *Roark v. Individuals of Fed. Bureau of Prisons*, 558 Fed. App'x. 471, 472 (5th. Cir. 2014) (cleaned up).

[6] Doc. 52 at 23.

[7] *See, e.g.*, *Hatfill v. Gonzales*, 519 F. Supp. 2d 13, 19 (D.D.C. 2007); *Carr v. BOP Office of General Counsel*, 2024 WL 3033638, at *5 (N.D. Tex. June 17, 2024) (O, Connor, J.) (denying injunctive relief brought against defendants in their individual capacities in a Section 1983 case).

## B. X Corp.

As the Court explained previously, Richards seeks "tiered injunctive relief," against X Corp. and asks the Court to enter an order that (1) requires X Corp. to restore "all of Plaintiff's historical content" to "original visibility settings," and (2) requires X Corp., among other things, to remove "all algorithmic throttling and visibility filtering" from Richards's account and restore access to Richards's bot accounts.[8] In his third motion, Richards also asks the Court to prohibit X Corp.'s use of certain AI systems; require X Corp. to provide Richards with "real-time algorithmic transparency;" and "[o]rder immediate disclosure to major media outlets of the constitutional violations documented" in the TRO.[9]

As this Court has addressed in its previous order denying Richards second motion for TRO, Richards fails to meet the high standard for a temporary restraining order. His third motion fails for the same reasons.

"The first factor—likelihood of success on the merits—is the most important."[10] Richards' motion addresses the success of his claims under the First Amendment, section 230, and common carrier liability.[11] Richards must show that the "facts and law clearly favor" the injunctive relief he seeks.[12]

---

[8] Doc. 52 at 19–22.

[9] Doc. 52 at 21–22.

[10] *United States v. Abbott*, 110 F.4th 700, 706 (5th Cir. 2024) (cleaned up).

[11] Doc. 52 at 10–15.

[12] *See Roark*, 558 Fed. App'x. at 472; *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976).

Richards argues that because the owner of X Corp., Elon Musk, took a temporary position as a special government employee, the platform is converted into a government forum, and thus subject to liability as a government actor. As the Court has noted, this novel argument falls short of the high standard for a temporary injunction. The record, even as amended and supplemented in this third request for a TRO, is insufficient to establish the kind of "public entwinement" necessary for Richards to bring a First Amendment claim against X Corp. in the first place.[13]

Therefore, the Court finds the application for a temporary restraining order should be **DENIED**.

### C.    Sanctions against President Trump

In addition to injunctive relief, Richards asks the Court to hold President Trump and his Director of Security, Dan Freeman, in contempt. Richards asserts that Freeman initially claimed over email that he could not accept service on Trump's behalf but then accepted service the next day. Richards argues this constitutes obstruction of the legal process and a violation of 18 U.S.C. § 401.

Whether to find a party or person in contempt falls within the Court's discretion,[14] and the Court determines that, even assuming everything Richards asserted is true, the roughly sixteen-hour delay in service Freeman's statement caused does not rise to the level of contempt of court. The Court therefore **DENIES** Richards' motion for sanctions.

---

[13] *Brentwood Acad. v. Tenn. Secondary Sch. Athl. Ass'n*, 531 U.S. 297 (2001).

[14] 18 U.S.C. § 401.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the motion for a temporary restraining order. The Court also finds the motion to take judicial notice **MOOT** (Doc. 71) and **DENIES** the motion for sanctions (Doc. 67).

**IT IS SO ORDERED** this 5th day of August, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE