IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>X CORP. and<br>DONALD J. TRUMP, Individually,<br><br>*Defendants* | Case No. 3:25-cv-916<br><br><br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>NY BAR #4932570<br>LWR Law Offices<br>3060 Williams Dr<br>Ste 300 #510<br>Fairfax, VA 22031<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintiff* |

.

**PLAINTIFF'S RESPONSE REGARDING SERVICE OF PROCESS**

**PLAINTIFF'S RESPONSE REGARDING SERVICE OF PROCESS**

TO THE CLERK OF COURT:

Plaintiff responds to Defendant Trump's Notice Regarding Deficient Service of Process (ECF No. 87).

**OVERVIEW**

This belated service objection represents a transparent attempt to manufacture procedural defects after DOJ missed a critical deadline. The timeline exposes DOJ's contradictory positions:

**July 29, 2025**: DOJ attorney Kenneth G. Coffin appears and files substantive response to Plaintiff's TRO motion, engaging on the merits for 48 days without raising any service concerns.

**September 15, 2025**: NEW DOJ attorney Najib H. Gazi appears in a case DOJ now claims they were never properly served in.

**September 15, 2025**: Only after Plaintiff files for default immediately after his appearance -- due to defendants' untimely response to the Complaint does DOJ suddenly discover alleged "service defects."

**The Fatal Contradiction**: DOJ cannot simultaneously claim they were never served while sending multiple attorneys to actively litigate the case. If DOJ lacked authority to appear, why did Kenneth Coffin file a substantive response in July? Why is Najib Gazi appearing now in a case where DOJ allegedly has no standing?

This objection fails on two independent grounds. First, DOJ waived any service defects through voluntary appearance and 48-day delay in raising objections. Second, it is unclear that Rule 4(i)

requirements apply because DOJ lacks statutory authority to represent Trump for individual capacity constitutional claims, making their service unnecessary.

# I. DOJ WAIVED ANY SERVICE OBJECTIONS THROUGH VOLUNTARY APPEARANCE

## A. DOJ Already Appeared and Litigated

On July 29, 2025, DOJ attorneys Kenneth G. Coffin filed a substantive response to Plaintiff's Motion for Temporary Restraining Order. See ECF No. 73. This response constituted voluntary participation in litigation on the merits.

## B. General Appearance Waiver Under Federal Law

DOJ's July 29 response constituted a voluntary general appearance that waived any service defects. Having voluntarily inserted themselves into litigation where they may lack statutory authority to represent the individual defendant, DOJ cannot now claim service defects. Federal Rule of Civil Procedure 12(h)(1) provides that insufficient service of process is waived if not raised in the first responsive pleading or motion. Beyond this rule, the general appearance doctrine establishes that voluntary participation in litigation waives jurisdictional defects.

## C. Fifth Circuit Authority on Waiver

In *Chambers v. Mukasey*, 520 F.3d 445, 449 (5th Cir. 2008), the Fifth Circuit held that defendants waive service defects by "voluntarily submit[ting] [themselves] to the court's jurisdiction by appearing before it and allowing it to adjudicate [their] rights." DOJ's July 29 TRO response constitutes exactly such voluntary submission.

## D. DOJ Cannot Pursue Contradictory Positions

DOJ cannot voluntarily respond to motions in July claiming authority to represent Trump, then claim in September they were never properly served. This tactical approach violates principles of waiver, judicial estoppel, and general appearance doctrine.

**E. Pattern of Strategic Obstruction**

This belated service objection follows Trump's documented pattern of tactical obstruction in this case. See ECF No. 67 (sanctions motion detailing how Trump's security director falsely denied authority to accept service, then accepted service normally 16 hours later). DOJ's 48-day delay between their July 29 response and September 15 service objection demonstrates strategic gamesmanship rather than legitimate procedural concern.

**F. Equitable Principles Bar Belated Service Objections**

Beyond legal waiver, equitable principles bar DOJ's belated objection. Plaintiff reasonably relied on DOJ's substantive response to consider service had been accepted (regardless of whether the case was ultimately defended by the DOJ or in Mr. Trump's personal capacity), serving subsequent documents via ECF to the same counsel who responded. DOJ cannot now claim inadequate service nearly two months after responding without objection, particularly when Plaintiff structured litigation strategy around their apparent acceptance of service. This tactical reversal, coming only after facing default, violates basic principles of fair play and judicial estoppel.

This gamesmanship causes concrete prejudice to Plaintiff. Had DOJ contested service initially, Plaintiff would have immediately effectuated proper service (or addressed the issue of whether DOJ was authorized to defend the case)—as demonstrated by Plaintiff's track record of serving multiple parties in this litigation and complying with this Court's orders authorizing service "by

any means necessary" for TRO matters by also using process servers. See ECF Nos. 20, 62. Plaintiff has consistently paid for formal service even when arguably unnecessary, proving willingness to cure any defects promptly.

DOJ's tactical delay now forces Plaintiff to restart the 60-day response clock, causing months of additional delay in an already protracted case. This harm was entirely avoidable had DOJ raised service concerns when they first appeared in July rather than strategically waiting until facing default.

## II. ALTERNATIVE GROUND - DOJ AUTHORITY UNCLEAR

Alternatively, Rule 4(i) service requirements are questionable where DOJ's authority to represent former presidents individually for constitutional claims lacks clear statutory foundation.

Federal courts have rejected DOJ representation in similar circumstances. In Carroll v. Trump, Judge Lewis A. Kaplan ruled: "The President of the United States is not an employee of the Government within the meaning of the relevant statutes." Carroll v. Trump, No. 1:2020cv07311 (S.D.N.Y. 2020) (Docket No. 32). The Second Circuit later denied Trump's attempt to substitute DOJ for himself in related litigation. Carroll v. Trump, No. 24-644 (2d Cir. 2025) (Docket No. 124).

Similarly, Clinton v. Jones, 520 U.S. 681 (1997), required presidents to obtain private counsel for individual capacity claims, recognizing the absence of statutory authority for DOJ representation of personal conduct.

DOJ's unauthorized appearance here attempts to convert individual constitutional claims into official capacity claims—mirroring the coordination pattern alleged throughout this case.

## CONCLUSION

DOJ waived any service objections by voluntarily appearing and litigating on July 29, 2025, then waiting 48 days to raise concerns only after facing default. Their belated September 15 objection should be rejected as untimely and waived under established Fifth Circuit precedent. This ground alone defeats Defendant's motion.

Respectfully submitted,

Lisa Weingarten Richards

LWR Law Offices

3060 Williams Dr, Ste 300 #510

Fairfax, VA 22031

Tel.: (202) 981-2059

lwr@lwrlawoffices.com

VA BAR # 96671

NY BAR #4932570

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2025, a true and correct copy of the foregoing document was served upon all parties of record via the Court's ECF system.

/s/ Lisa Weingarten Richards

Lisa Weingarten Richards