IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>X Corp., Donald J. Trump<br><br>*Defendants* | Case No. 3:25-cv-916<br><br><br><br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>NY BAR #4932570<br>LWR Law Offices<br>11166 Fairfax Blvd. Suite 500 #1344<br>Fairfax, VA 22030<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintiff* |

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF REGARDING DEFENDANT X CORP.'S TERMS OF SERVICE DEFENSE**

**Use of Generative Artificial Intelligence**
This brief was prepared with the assistance of generative artificial intelligence.

Plaintiff Thomas Richards requests this Court provide leave to file the supplemental brief (ECF No. 93) addressing the legal validity of Defendant X Corp.'s Terms of Service defense raised in X, Corp.'s Motion to Dismiss. Plaintiff seeks to supplement the record on this threshold contract formation issue and respectfully requests that Defendants be afforded a full opportunity to respond to any supplemental briefing. The Court has not yet ruled on the MTD.

In support thereof, Plaintiff shows the Court as follows:

## I. INTRODUCTION

Defendant X Corp.'s Motion to Dismiss (ECF No. 78) relies on their Terms of Service as a main defense to Plaintiff's constitutional, statutory, and contractual claims. However, recently discovered evidence reveals that when Plaintiff created his account in October 2009, no terms of service acceptance mechanism existed. Under established browsewrap precedent, the complete absence of terms reference during account creation renders any purported contractual obligations legally invalid, eliminating X Corp.'s primary contract-based defenses.

## II. PROCEDURAL POSTURE

Briefing on X Corp.'s Motion to Dismiss concluded on September 11, 2025, with Defendant's Reply to Motion to Dismiss (ECF No. 84). Plaintiff is seeking leave to address a critical legal issue that directly responds to Defendant's primary contractual defense before the Court rules on the MTD.

## III. LEGAL STANDARD

Brief supplementation is appropriate when timely filed and useful to the court's consideration of pending issues. *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927

(S.D. Tex. 2007); *Calvasina v. Wal-Mart Real Estate Bus. Trust*, 899 F. Supp. 2d 590, 606 (W.D. Tex. 2012). Here, Plaintiff's supplement is filed ten days after briefing concluded and before any ruling issued.

## IV. GROUNDS FOR SUPPLEMENTAL BRIEFING

### A. Responds Directly to Defendant's Primary Defense

X Corp.'s Motion to Dismiss extensively relies on Terms of Service provisions, arguing they bar Plaintiff's:

- Constitutional claims (arguing TOS waiver)

- DTPA claims (arguing contractual limitation clauses)

- Breach of contract claims (arguing TOS overrides FAQ promises)

The browsewrap invalidity argument directly responds to these defenses raised by Defendant.

### B. Pure Legal Issue Requiring Minimal Briefing

This issue involves contract formation law applied to archived web pages—a pure question of law. The legal question is whether a 2009 signup page lacking any terms reference can create binding contractual obligations under Texas browsewrap precedent.

### C. No Prejudice to Defendant

X Corp. can respond to this one legal argument. The issue involves publicly available evidence (Wayback Machine archives) and established legal precedent. No party will be surprised or prejudiced by addressing this threshold legal question.

## V. THE BROWSEWRAP ARGUMENT HAS SUBSTANTIAL MERIT

Texas courts have consistently held that browsewrap agreements are unenforceable without adequate notice of terms. *StubHub, Inc. v. Ball*, 676 S.W.3d 193 (Tex. App.—Houston [14th Dist.] 2023). Where no terms are referenced during account creation, no contractual obligation can arise under established precedent.

This argument, if successful, would:

- Eliminate X Corp.'s primary contract-based defenses

- Strengthen DTPA claims by removing contractual limitation defenses

- Preserve Plaintiff's FAQ-based contractual arguments (which operate independently)

## VI. TIMING AND JUDICIAL EFFICIENCY

Filing this supplemental brief now, before the Court rules on the Motion to Dismiss, allows resolution of this threshold legal issue without requiring additional rounds of briefing or reconsideration motions. This approach serves judicial efficiency while ensuring complete legal analysis of X Corp.'s contract-based defenses.

## VII. CONCLUSION

The complete absence of terms reference during Plaintiff's 2009 account creation renders X Corp.'s Terms of Service defense legally invalid under established browsewrap precedent. This Court should grant leave to file the supplemental brief submitted as the next docket entry and consider it in ruling on X Corp.'s Motion to Dismiss (ECF No. 78), while allowing X Corp. a reasonable opportunity to respond to this threshold legal issue.The fundamental invalidity of X

Corp.'s Terms of Service eliminates their primary contractual defenses to Plaintiff's constitutional, statutory, and common law claims.

Dated: September 21, 2025

Respectfully submitted,

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards
VSB #96671, NY BAR #4932570
LWR Law Offices
3060 Williams Dr, Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2025, a true and correct copy of the foregoing document was served upon all parties of record via the Court's ECF system.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards