IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>X Corp., Donald J. Trump<br><br>*Defendants* | Case No. 3:25-cv-916<br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671,<br>NY BAR #4932570<br>LWR Law Offices<br>3060 Williams Dr, Ste 300 #510<br>Fairfax, VA 22031<br>Tel.: (202) 981-2059<br>lwr@lwrlawoffices.com<br>Counsel for Plaintiff |

**<u>NOTICE REGARDING SERVICE DEADLINE AND PENDING DEFAULT MOTION</u>**

**Use of Generative Artificial Intelligence**

This brief was prepared with the assistance of generative artificial intelligence.

Plaintiff Thomas Richards respectfully provides this notice to the Court regarding the intersection of the 90-day service deadline under Federal Rule of Civil Procedure 4(m) and the Court's pending ruling on Plaintiff's Motion for Default Judgment against Defendant Donald J. Trump.

### I. BACKGROUND

Amended Complaint Filed: July 8, 2025, adding Defendant Trump in his personal capacity (Doc. 44).

Initial Service: July 11, 2025, personal service on Trump through Dan Freeman, his Director of Security at Mar-a-Lago, who confirmed authority to accept service on Trump's behalf.

DOJ's Response to TRO: July 29, 2025, DOJ filed 22-page substantive response with buried service reservation language (Doc. 73).

DOJ's Deficient Service Claim: September 15, 2025, DOJ filed Notice claiming service was deficient because Trump was not served through the U.S. Attorney (Doc. 87).

Default Motion Filed: September 17, 2025, Plaintiff moved for default judgment on multiple grounds (Doc. 91).

Court's Expedited Briefing Order: September 25, 2025, Court ordered expedited reply brief from Plaintiff due September 28, 2025 (Doc. 95).

Reply Brief Filed: September 28, 2025, Plaintiff filed comprehensive 24 page expedited reply addressing all grounds for default (Doc. 96).

90-Day Service Deadline: October 6, 2025 (90 days from July 8, 2025).

## II. THE SCOPE OF THE PENDING DISPUTE

The Court's expedited briefing order addressed a fundamental question with far-reaching implications: whether the Department of Justice has statutory authority to represent Defendant Trump in this action at all. Plaintiff's reply brief presented multiple independent grounds supporting default, including:

(1) Trump's unilateral substitution of counsel without court permission proves both consciousness of service and failure to respond;

(2) DOJ lacks statutory authority under 28 U.S.C. § 2679(b)(2)(A) to represent any defendant for constitutional violations, which this entire case alleges;

(3) Trump is not an "employee" under the Westfall Act and therefore cannot be represented by DOJ;

(4) DOJ's 46-day delay combined with substantial participation in TRO proceedings constitutes waiver of service objections under Fifth Circuit precedent;

(5) Service at Mar-a-Lago was proper under FRCP 4(e) and achieved actual notice;

(6) Trump defaulted in his individual capacity regardless of any DOJ service objections; and

(7) The pattern of evasion (including Dan Freeman's initial false denial of authority followed by acceptance of service) demonstrates tactical obstruction.

Each of these arguments independently supports entry of default. More fundamentally, they collectively address whether DOJ has any authority to appear for Trump in this constitutional litigation.

### III. THE PROCEDURAL DILEMMA CREATED BY THE COURT'S EXPEDITED BRIEFING ORDER

The Court's expedited briefing order created a logical impossibility for Plaintiff. The dispositive question pending before this Court is whether the Department of Justice has statutory authority to represent Defendant Trump at all in litigation alleging constitutional violations. Plaintiff's position is that DOJ representation is categorically barred by 28 U.S.C. § 2679(b)(2)(A), which explicitly states the Westfall Act "does not extend or apply to a civil action against an employee of the Government—(A) which is brought for a violation of the Constitution of the United States."

Serving Trump at the DOJ while simultaneously arguing in pending briefing that DOJ has no statutory authority to represent him would have directly contradicted Plaintiff's legal position and effectively conceded the very issue in dispute. Put simply: Plaintiff cannot credibly argue "DOJ has no authority to accept service for Trump on constitutional claims" while simultaneously serving DOJ as if they do have such authority. The two positions are mutually exclusive.

More fundamentally, serving DOJ would have constituted an implicit admission that DOJ has authority to represent Trump in this constitutional litigation—the exact question the Court's expedited briefing was designed to resolve. Such service would have contradicted the basis of Plaintiff's default motion, which rests on multiple grounds including the statutory prohibition on DOJ representation for constitutional violations.

The Court ordered expedited briefing on September 25, with reply due September 28—just 8 days before the October 6 service deadline. The only logical purpose for expedited briefing is to obtain a prompt ruling. The Court's use of the term "expedited" and the compressed three-day briefing schedule, (ordered on Thursday and due on Sunday) necessarily implied the Court would rule quickly, resolving the fundamental question of DOJ's authority before the deadline.

Plaintiff reasonably relied on the Court's expedited briefing schedule. The Court created this timeline with apparent awareness of the approaching service deadline, and Plaintiff properly

awaited the Court's ruling rather than taking action that would undermine his own pending motion and concede the statutory authority question at issue.

## IV. CURRENT POSTURE

As of today, October 14, 2025: (1) The Court has not ruled on the default motion; (2) the 90-day service deadline passed 8 days ago; (3) Defendant Trump has actual notice through DOJ's extensive participation in this litigation, including a 22-page TRO response; and (4) no prejudice exists to any party.

## V. PLAINTIFF'S POSITION

Plaintiff's position is that service at Mar-a-Lago on July 11, 2025 was proper and sufficient, that DOJ lacks statutory authority to represent Trump for constitutional violations, and that Trump is in default. The Court should grant the default motion on any of its multiple independent grounds.

However, if the Court were to determine that additional service was required, good cause exists for extension under Rule 4(m). The Court's own expedited briefing order created the timeline that made such service impossible without conceding the very issue in dispute. Plaintiff acted in good faith by following the Court's instructions and awaiting resolution of the threshold question whether DOJ has any authority to represent Trump in constitutional litigation.

Plaintiff could not simultaneously argue that DOJ lacks statutory authority to represent Trump while serving DOJ as Trump's representative. This was not strategic gamesmanship—it was

logical necessity dictated by the legal position Plaintiff has properly advanced and the fundamental statutory question the expedited briefing addresses.

Through DOJ's active participation, including their 22-page TRO response and multiple subsequent filings, Trump has received actual notice far exceeding the notice requirements of Rule 4.

Critically, Plaintiff never asserted any official capacity claim against Trump. The Amended Complaint sues "DONALD J. TRUMP, Individually" (Doc. 44 at 1). The Court cannot dismiss under Rule 4(m) for failure to serve an official capacity claim that was never pleaded. The only claim against Trump is individual capacity, and the pending default motion addresses multiple grounds including whether DOJ has statutory authority to represent Trump at all for constitutional violations, whether service at Mar-a-Lago was proper, whether DOJ's participation constitutes waiver, and whether Trump's individual capacity default is complete regardless of service objections.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court address this matter in conjunction with its ruling on the pending default motion.

### A. Individual Capacity Default

Trump unquestionably defaulted in his individual capacity by failing to respond within 21 days to the individual capacity claims served on July 11, 2025. DOJ has never disputed this individual capacity default and has never addressed the individual capacity claims at all. The Court should enter default against Trump in his individual capacity under Rule 55(a).

B. Hypothetical Official Capacity Claims

Plaintiff maintains no official capacity claims exist against Trump. However, if the Court were to determine that any claims constitute official capacity claims (which Plaintiff disputes), there are several ways the Court could rule on this matter:

1. Rule that DOJ's extensive participation on Trump's behalf constitutes effective notice satisfying Rule 4's requirements and waiver of service objections;

2. Extend the service deadline under Rule 4(m) based on good cause shown, recognizing that the Court's expedited briefing order created the timeline that made service impossible without conceding the statutory authority question in dispute;

3. Grant the default motion on any of its other multiple independent grounds (waiver, lack of DOJ statutory authority, etc.), rendering the service deadline issue moot; or

4. If the Court determines DOJ has authority to represent Trump for official capacity claims despite the statutory prohibition on constitutional claims, allow Plaintiff to serve Trump at DOJ immediately upon such ruling.

Plaintiff remains ready to effect any service the Court deems necessary.

DATED: October 14, 2025
Respectfully submitted,

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards
VSB #96671,
NY BAR #4932570
LWR Law Offices
3060 Williams Dr, Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
Counsel for Plaintiff

---

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2025, a true and correct copy of the foregoing document was served upon all parties of record via the Court's ECF system.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards