IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>X Corp., Donald J. Trump<br><br>*Defendants* | Case No. 3:25-cv-916<br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671,<br>NY BAR #4932570<br>LWR Law Offices<br>3060 Williams Dr, Ste 300 #510<br>Fairfax, VA 22031<br>Tel.: (202) 981-2059<br>lwr@lwrlawoffices.com<br>Counsel for Plaintiff |

**PLAINTIFF'S EMERGENCY NOTICE REGARDING PENDING DEFAULT MOTION AND IMMINENT FEDERAL COURT FUNDING LAPSE**

**Use of Generative Artificial Intelligence**
This brief was prepared with the assistance of generative artificial intelligence.

## I. INTRODUCTION

Plaintiff respectfully brings to the Court's urgent attention the intersection of two time-sensitive matters: (1) Plaintiff's Motion for Entry of Default against Defendant Trump (ECF No. 91), filed September 17, 2025, with reply briefing completed September 28 per the Court's expedited order—**28 days** with full briefing complete and no ruling; and (2) the ongoing federal government shutdown that has caused federal courts to operate on reserve funding through October 17, 2025—48 hours from now—after which courts will shift to severely reduced "essential functions only" staffing.

This notice addresses timing issues distinct from Plaintiff's October 14 notice regarding the service deadline (ECF No. 102). Trump's October 15 Motion to Dismiss—filed today, just two days before courts exhaust funding—creates new urgency requiring the Court's attention.

**The undisputed facts:** Trump was served July 11, 2025. His individual capacity response deadline was August 1, 2025. He never filed an answer. That default is complete under Rule 55(a).

**The urgent problem:** The federal government shutdown began October 1. Federal courts have been operating on reserve funds, which will be exhausted on October 17—48 hours from now. After that, courts will shift to "essential functions only" and prioritize criminal cases and urgent constitutional matters. Cases with government defendants will be among the most deprioritized.

Civil default motions—particularly where a defendant has now filed a belated motion through government attorneys—will sit indefinitely during reduced operations.

Plaintiff has litigated this case promptly and responsibly throughout. Plaintiff filed the default motion properly and timely. The delay in ruling combined with the imminent shutdown threatens to bury Plaintiff's motion through circumstances entirely beyond Plaintiff's control.

**Plaintiff respectfully requests the Court rule on the pending default motion by October 17, 2025.**

## II. THE SIMPLE TIMELINE

**July 11, 2025:** Trump served at Mar-a-Lago

**August 1, 2025:** Trump's individual capacity deadline—**no answer filed**

**September 17, 2025:** Plaintiff files Motion for Entry of Default (ECF No. 91)

**September 25, 2025:** Court orders expedited reply brief due September 28

**September 28, 2025:** Plaintiff files comprehensive reply brief on a Sunday as requested

**October 15, 2025:** Trump files Motion to Dismiss—**74 days late**

**October 17, 2025:** Federal courts shift to "essential functions only"

## III. THE DEFAULT IS COMPLETE AND MANDATORY

Under Federal Rule 55(a): "When a party against whom a judgment for affirmative relief is sought **has failed to plead or otherwise defend**, and that failure is shown by affidavit or otherwise, **the clerk must enter the party's default**."

**Trump failed to plead or otherwise defend by August 1, 2025.** That default occurred automatically. The language is mandatory: the clerk "**must**" enter default.

Trump's October 15 MTD—filed 74 days late—does not cure this completed default. A defendant cannot cure default by filing a belated motion. Trump has not moved to set aside the default or shown good cause for his 74-day delay.

**IV. COURTS EXHAUST RESERVE FUNDING IN 48 HOURS**

The federal government shutdown began October 1, 2025. According to the Administrative Office of the U.S. Courts, federal courts have been operating on reserve funds and will continue paid operations through Friday, October 17, 2025.  See Judiciary Still Operating as Shutdown Starts, https://www.uscourts.gov/data-news/judiciary-news/2025/10/01/judiciary-still-operating-shutdown-starts (Oct. 1, 2025). After that date, courts will shift to operating under the Anti-Deficiency Act, prioritizing only work necessary to support *Article* III judicial powers. *Id.*

Under reduced operations:

- Criminal proceedings continue (constitutional speedy trial rights)

- Urgent constitutional matters continue

- **Cases involving government defendants face stays and delays**

**The specific problem for this case:** Courts have issued orders staying civil cases where the government is a party. *See, e.g.*, Shutdown Pauses Trump Policy Challenges and Other Civil Cases, Roll Call, https://rollcall.com/2025/10/01/shutdown-pauses-trump-policy-challenges-and-other-civil-cases (Oct. 1, 2025) (reporting district courts issuing blanket stays in civil cases involving government attorneys). Trump is being represented by DOJ attorneys despite Plaintiff's argument that DOJ has no statutory authority to represent him on constitutional claims. This disputed status creates severe prejudice to Plaintiff.

**After October 17, cases with government parties will be among the most deprioritized.** Government attorneys will seek delays, and courts will grant them. *See* The 2025 US Government Shutdown: What It Means for Federal Litigation, Latham & Watkins LLP, https://www.lathamreg.com/2025/10/the-2025-us-government-shutdown-what-it-means-for-federal-litigation (Oct. 6, 2025) ("civil cases involving the federal government may see efforts from government lawyers to pause proceedings. Government counsel, representing federal agencies and the Department of Justice (DOJ) in civil cases, have been told to seek delays in most matters."). Plaintiff's properly-filed default motion—which addresses whether DOJ has authority to represent Trump at all—will sit indefinitely while Trump benefits from the very representation Plaintiff argues is unauthorized.

**The timing is suspect:** Trump's MTD was filed today, October 15—just two days before courts exhaust reserve funding and shift to essential functions only. This allows Trump to benefit from shutdown-related delays affecting cases with government defendants while avoiding the consequences of his 74-day failure to respond.

**Plaintiff disputes DOJ's authority to represent Trump.** As detailed in Plaintiff's pending default motion reply brief (ECF No. 96), 28 U.S.C. § 2679(b)(2)(A) explicitly prohibits DOJ representation for constitutional violations. If the Court agrees, Trump is not a government defendant at all—he's an individual defendant in default who has no authorized counsel.

**The Court could resolve this before October 17 by ruling either:** (1) that Trump is in default, or (2) that DOJ has no authority to represent Trump on constitutional claims, requiring him to obtain private counsel. Either ruling would clarify Trump's status before courts shift to essential functions only after October 17, preventing this prejudicial limbo where Plaintiff's motion sits indefinitely because of disputed government involvement.

## V. THIS DEFAULT ISSUE IS STRAIGHTFORWARD

The Court need not resolve complex immunity or standing questions to rule on default. The question is simple:

**Did Trump respond by August 1, 2025?** No.

**Does Rule 55(a) mandate entry of default?** Yes.

Trump's MTD raises complex constitutional issues, but those are irrelevant to the threshold default question. The default issue can and should be resolved independently: Trump either responded by August 1 or he didn't. He didn't. Rule 55(a) mandates entry of default.

## VI. PLAINTIFF HAS LITIGATED RESPONSIBLY

Plaintiff has prosecuted this case diligently throughout:

- Promptly served Trump after filing Amended Complaint
- Filed default motion when Trump failed to respond
- Responded to all DOJ filings within required timeframes
- Filed comprehensive reply brief per Court's expedited schedule
- Brought this timing issue to Court's attention immediately

**The delay is not Plaintiff's fault.** Plaintiff filed the default motion properly and timely on September 17. The motion has been pending 28 days. October 17 is 48 hours away. Plaintiff respectfully requests a ruling before the shutdown deprioritizes this properly-filed motion.

## VII. CONCLUSION

**The facts are undisputed:**

- Trump was served July 11, 2025
- Trump's deadline was August 1, 2025
- Trump never filed an answer
- Trump's belated October 15 MTD does not cure the completed default

**Rule 55(a)'s language is mandatory:** the clerk "must" enter default when a defendant fails to respond.

**The shutdown creates urgent timing:** After October 17, civil default motions will be deprioritized during reduced court operations.

**Plaintiff requests the Court rule on the pending Motion for Entry of Default (ECF No. 91) before October 17, 2025** to avoid the motion being buried during shutdown-related delays while Trump benefits from his 74-day procedural violation.

Dated: October 15, 2025

Respectfully submitted,

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards
VSB #96671, NY BAR #4932570
LWR Law Offices
3060 Williams Dr, Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2025, a true and correct copy of the foregoing document was served upon all parties of record via the Court's ECF system.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards