UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:25-CV-0916-X |
| § | |
| X CORP. et al., § | |
| § | |
| *Defendants.* § | |

# **ORDER**

Before the Court is Plaintiff Thomas Richards's motion for reconsideration (Doc. 108) which alleges the Court committed mandamus-worthy legal error to retaliate against Richards favoring "politically powerful defendants."[1] Having reviewed the motion, the record, and the applicable law, the Court **DENIES** the motion.

The entry of default judgment lies within the sound discretion of the Court.[2] This district has a well-established preference for resolving cases on their merits and for delaying the entry of default judgment when other parties are actively litigating related issues.[3] That approach promotes consistency in adjudication and judicial economy. Nothing in the motion for reconsideration persuades the Court that its

---

[1] This would be Richards's fifth attempt at mandamus relief. *See* Doc. 9 in former action 3:25-cv-1863-X and Docs. 22, 38, 69 in this consolidated action. As the saying goes, the show must go on.

[2] FED. R. CIV. PRO. 54(b).

[3] *GFRS Equip. Leasing Fund II LLC v. Diane Trang Nguyen*, 2019 WL 3530421, at *3 (N.D. Tex. Aug. 1, 2019) (Lindsay, J.); *see also Bank of America, NA v. Vandenburg*, 2020 WL 1640344, at *2 (N.D. Tex. Apr. 2, 2020) (Starr, J.).

1

prior exercise of discretion was in error or that reconsideration is warranted under Rule 54(b).

Richards also challenges the Court's decision to hold a hearing, asserting that the Court's actions are arbitrary and retaliatory while citing a local rule that expressly confirms the Court's discretion to set motions for hearing.[4]  Richards identifies no authority requiring a district court to explain its rationale for setting or declining to set a hearing.  The setting of hearings and the management of the Court's docket are matters firmly within the Court's discretion.  The Court finds that a hearing is necessary in this instance.  Exercising that discretion, the Court further finds that Richards has not shown good cause or compelling circumstances to appear remotely.[5]  Accordingly, all attorneys who have entered an appearance in this case are required to be present, in-person, at the hearing, unless expressly excused by further order of the Court.

The Court has observed that Richards's counsel has continued to engage with opposing counsel and the Court in a manner that does not reflect the level of professionalism, decorum, and civility expected in this District.  The Court reminds counsel that zealous advocacy does not excuse discourteous or unprofessional conduct toward opposing parties or the Court.

Although Richards's counsel, Lisa Richards, certified in her pro hac vice application (Doc. 3) that she read *Dondi Properties Corporation v. Commerce Savings*

---

[4] Doc. 108 at 9; Local Rule 7.1(g).

[5] FED. R. CIV. PRO. 43(a).

*& Loan Association*, to ensure that counsel's conduct at the upcoming hearing conforms to those standards, Richards's counsel, Lisa Richards, is **ORDERED** to re-read *Dondi* and file a new certification confirming that she has read it no later than seven days prior to the hearing.[6]

For the reasons stated above, Richards's motion for reconsideration (Doc. 108) is **DENIED**.  Additionally, Richards is **ORDERED** to personally serve a copy of this Order and the Notice of Hearing (Doc. 107) on Defendant Linda Yaccarino and to file proof of such service on the docket at least seven days prior to the November 12, 2025 hearing.

**IT IS SO ORDERED** this 24th day of October, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[6] 121 F.R.D. 284 (N.D. Tex. 1988).