IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>X Corp., Donald J. Trump<br><br>*Defendants* | Case No. 3:25-cv-916<br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671,<br>NY BAR #4932570<br>LWR Law Offices<br>3060 Williams Dr, Ste 300 #510<br>Fairfax, VA 22031<br>Tel.: (202) 981-2059<br>lwr@lwrlawoffices.com<br>Counsel for Plaintiff |

**PLAINTIFF'S MOTION TO RESCHEDULE HEARING AND FOR CLARIFICATION OF COURT'S OCTOBER 24, 2025 ORDER**

## I. REQUEST TO RESCHEDULE NOVEMBER 12 HEARING

Plaintiff respectfully requests the Court reschedule the November 12, 2025 hearing to accommodate the availability of Plaintiff's local counsel.

The Court's October 24 Order requires "all attorneys who have entered an appearance in this case" to be "present, in-person, at the hearing, unless expressly excused by further order of the Court." (Doc. 109 at 2). Counsel clarifies that counsel cannot travel for in-person court appearances due to personal circumstances. Counsel will not be able to appear in person at the November 12 hearing or any future hearings in this matter. Counsel retained local counsel Sharon Campbell, who is admitted to practice before this Court, specifically to handle in-person proceedings on Plaintiff's behalf.

Local counsel is willing and able to appear in person for the hearing but has a pre-existing scheduling conflict on November 12, 2025 due to pre-scheduled travel. Local counsel is available to appear in person on the following dates:

- November 10, 2025

- November 18, 20, or 21, 2025

- November 24, 25, or 26, 2025

- December 3, 4, 5, 9, 10, 11, or 12, 2025 (unavailable afternoon of December 2 and morning of December 8)

Plaintiff requests the Court reschedule the hearing to one of local counsel's available dates. This would permit Plaintiff's representation by in-person counsel as the Court requires while accommodating local counsel's pre-existing commitments.

Alternatively, if the Court declines to reschedule the hearing, Plaintiff requests the Court allow lead counsel to appear remotely pursuant to Federal Rule of Civil Procedure 43(a).

## II. CONFUSION REGARDING THE SUBJECT MATTER OF THE NOVEMBER 12 HEARING

The Court's October 22, 2025 Memorandum Opinion and Order (Doc. 106) explicitly:

1. DENIED Plaintiff's motion for default judgment against Defendant Linda Yaccarino;

2. VACATED the November 12, 2025 hearing on Plaintiff's motion for default judgment against Yaccarino; and

3. SET oral argument on Defendant X Corp.'s Motion to Dismiss for November 12, 2025.

The Court's October 22 order thus cancelled the Yaccarino default judgment hearing and replaced it with a hearing on X Corp.'s Motion to Dismiss -- a motion to which Defendant Yaccarino is not a party, has filed no response, and as a defaulting defendant, has no participation. Moreover, Doc. 106 contained no such service requirement when arranging the hearing on X Corp.'s Motion to Dismiss.

The Court's October 24 Order (Doc. 109), however, requires Plaintiff to "personally serve a copy of this Order and the Notice of Hearing (Doc. 107) on Defendant Linda Yaccarino" and "file proof of such service on the docket at least seven days prior to the November 12, 2025 hearing." (Doc. 109 at 3).

This creates uncertainty as to the actual subject matter of the November 12 hearing.

Plaintiff respectfully requests the Court clarify:

A. Is the November 12, 2025 hearing regarding X Corp.'s Motion to Dismiss (as stated in the Court's October 22 order), or is it regarding default judgment against Defendant Yaccarino (as the service requirement suggests)?

B. If the November 12 hearing concerns only X Corp.'s Motion to Dismiss, is service on Defendant Yaccarino required for that hearing?

C. Does the Court intend to address Plaintiff's motion for default judgment against Defendant Yaccarino at the November 12 hearing, notwithstanding the Court's October 22 order denying that motion and vacating that hearing?

D. If service on Defendant Yaccarino remains required, is the Court scheduling a separate hearing regarding the Yaccarino default judgment, or consolidating that issue with the X Corp. Motion to Dismiss hearing?

### III. CLARIFICATION REGARDING THE MANNER OF SERVICE ON DEFENDANT YACCARINO

If service on Defendant Yaccarino is required for the November 12 hearing, Plaintiff respectfully requests clarification regarding the manner of service.

The Court's order requires Plaintiff to "personally serve" Defendant Yaccarino. (Doc. 109 at 3). Defendant Yaccarino has never appeared in this action. Does the Court require personal service by a process server pursuant to Rule 4, or is service by mail sufficient?

Plaintiff notes that the Court's October 24 order requires proof of service "at least seven days prior to the November 12, 2025 hearing" -- meaning by November 5, 2025. Given that personal service via process server requires time to arrange and complete, Plaintiff respectfully requests clarification no later than October 28, 2025, to permit compliance with the November 5 deadline.

Dated: October 24, 2025

Respectfully Submitted,

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards, Esq.
VSB #96671
NY BAR #4932570
LWR Law Offices
3060 Williams Dr
Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards