UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS RICHARDS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0916-X |
| | § | |
| X CORP. et al., | § | |
| | § | |
| *Defendants.* | § | |

# ORDER

Before the Court is Plaintiff Thomas Richards's motion to reschedule hearing and request for clarification (the "Motion"). (Doc. 110). Having reviewed the Motion, the record, and the applicable law, the Court **DENIES WITHOUT PREJUDICE** the Motion.

### A. Motion to Reschedule

"A district court has broad discretion and inherent authority to manage its docket."[1] "The decision to hold a hearing rests within the sound discretion of the trial court."[2] "The decision to grant a continuance is within the sound discretion of the Court."[3]

The Court appreciates local counsel's willingness to appear in person; however, the Court is not required to rearrange its calendar to accommodate an attorney's

---

[1] *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021) (per curiam).

[2] *United States v. Blackburn*, F 3.3d 353, 358 (5th Cir. 1993) (cleaned up).

[3] *Pogo Res., LLC v. St. Paul Fire & Marine Ins. Co.*, 2021 WL 1923301 fn. 6 (N.D. Tex. May 13, 2021) (Ramirez, J.) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997)).

1

pre-existing travel plans—particularly where such plans were not brought to the Court's attention until twenty-five days after the hearing was originally set. The Court provided notice on September 29, 2025 that a hearing would be held in person on November 12, 2025.[4] On October 22, 2025, the Court modified the nature of the hearing, not the date or time.[5]

Richards's local counsel represents that she has "pre-scheduled travel" that prevents her from appearing in person at the hearing set for November 12, 2025.[6] This Court routinely sets hearings with seven days notice or less. Here, the parties received forty-four days' notice—ample time to arrange their schedules accordingly. Parties and their counsel are expected to abide by the Court's schedule; the Court is not required to conform its schedule to theirs. Therefore, the Court **DENIES** Richards's request to reschedule the November 12, 2025 hearing.

### B. Request for Clarification

Richards believes there is "uncertainty regarding the actual subject matter of the November 12 hearing."[7] The Court directs Richards to its Notice of Hearing which expressly set X Corp.'s Motion to Dismiss for hearing on November 12, 2025.[8] The Court ordered Richards to serve Defendant Linda Yaccarino a copy of the Court's October 24, 2025 Order (Doc. 109) along with the Notice of the Hearing (Doc. 107)

---

[4] Doc. 14 (consolidated member case 3:25-CV-1863-X).

[5] Docs. 106, 107.

[6] Doc. 110 at 2.

[7] Doc. 110 at 3.

[8] Doc. 107.

because the upcoming hearing is of significance to all Defendants in the case. The Court will not require Richards to serve every motion, order, or notice on Yaccarino. However, the Court may, and will, order Richards to serve Yaccarino with the important documents it deems necessary.

As to Richards's request for clarification as to the manner of service required in its October 24, 2025 Order, the Court clarifies that Richards may serve Yaccarino in compliance with any method in Rule 4 or by mail.

### C. Lisa Richards's Failure to Obtain *Pro Hac Vice* Status

The Court has been inundated with dozens of filings submitted by Lisa Richards, who purports to be lead counsel for Plaintiff Thomas Richards; however, the Court notes that Lisa Richards is not admitted to practice before this court as she has not been granted *pro hac vice* status in this matter.[9] Attorneys who are not members of the Court's bar may appear in specific cases only upon the granting of a motion for admission *pro hac vice*.[10] Until such admission is granted, an attorney is not permitted to file documents, appear, or otherwise act as counsel before this Court.

The Court **ORDERS** Lisa Richards to file an application for admission *pro hac vice* by November 8, 2025 if she wants to practice before the Court in this matter.[11] Because Lisa Richards has been practicing before the Court without obtaining *pro hac vice* status, the Court **DENIES WITHOUT PREJUDICE** Richards's motion for

---

[9] *See* Docs. 32, 35.

[10] Local Rule 83.9; FED. R. CIV. PRO. 83(b).

[11] The Court notes that if Lisa Richards intends to apply for *pro hac vice* admission in this matter, she should be aware of the Court's Judge-Specific Requirement I(B) which requires an attorney granted *pro hac vice* status to be able and willing to appear in person at hearings before the Court.

3

leave to file supplemental brief regarding Defendant X Corp.'s Terms of Service defense, which was filed by Lisa Richards. (Doc. 92).

For the reasons stated above, Richards's motion to reschedule (Doc. 110) is **DENIED WITHOUT PREJUDICE**. Additionally, the Court clarifies that Richards is **ORDERED** to serve a copy of the Court's October 24, 2025 Order (Doc. 109) and the Notice of Hearing (Doc. 107) on Defendant Linda Yaccarino by a service method outlines in Rule 4 or by mail, and to file proof of such service on the docket at least seven days prior to the November 12, 2025 hearing. Additionally, Lisa Richards is **ORDERED** to file an application for admission *pro hac vice* by November 8, 2025 if she intends to continue filing in this case.

**IT IS SO ORDERED** this 29th day of October, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE