IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>X Corp., Donald J. Trump<br><br>*Defendants* | Case No. 3:25-cv-916<br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671,<br>NY BAR #4932570<br>LWR Law Offices<br>3060 Williams Dr, Ste 300 #510<br>Fairfax, VA 22031<br>Tel.: (202) 981-2059<br>lwr@lwrlawoffices.com<br>Counsel for Plaintiff |

## NOTICE OF VOLUNTARY DISMISSAL

**Use of Generative Artificial Intelligence**
This brief was prepared with the assistance of generative artificial intelligence.

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff Thomas Richards dismisses this action, effective immediately upon filing.

Defendants have not filed an answer or a motion for summary judgment. Rule 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing...a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." This dismissal is therefore automatic and requires no court order.

**GROUNDS FOR DISMISSAL**

Plaintiff Thomas Richards has personally directed this dismissal based on the impossibility of effectively prosecuting this action under the circumstances created by this Court's conduct throughout this litigation. These circumstances include:

**I. SIX-MONTH PRO HAC VICE LIMBO**

On April 13, 2025, Plaintiff's counsel filed an Application for Admission Pro Hac Vice (Doc. 3) with certificate of good standing. On April 17, 2025, counsel filed an Amended Application (Doc. 19) after receiving guidance from Courtroom Deputy Kevin Frye regarding proper form completion (checking "N/A" in certain boxes). On May 23, 2025, local counsel Sharon K. Campbell filed a Notice of Appearance (Doc. 37), satisfying all local counsel requirements under Local Rule 83.10.

Despite the passage of more than six months with all requirements satisfied, the Court has never entered any order granting or denying the pro hac vice application. During this same period, the Court has:

- Ruled on numerous motions filed by Plaintiff's counsel

- Ordered Plaintiff's counsel to appear at hearings

- Ordered Plaintiff's counsel to re-certify compliance with professional standards (Doc. 109)

- Referenced counsel's pro hac vice application in orders (Doc. 109)

This conduct treats counsel as admitted while never formally admitting counsel pro hac vice. The Court has either improperly allowed an unadmitted attorney to practice for six months, or has improperly delayed ruling on a properly filed application while taking action on that attorney's filings. Either way, the six-month delay with no ruling while treating counsel as admitted creates an untenable legal situation making effective representation impossible.

II. THREE MANDAMUS PETITIONS NECESSITATED BY COURT'S CONDUCT

The pattern of obstruction required Plaintiff to seek mandamus relief three times:

1. **First Mandamus (April 15, 2025)** - Court ordered transfer to Fort Worth Division based on misreading of X Corp.'s Terms of Service venue clause. The TOS actually permitted Dallas Division. Court's transfer order was improper and necessitated emergency mandamus relief. Fifth Circuit denied mandamus (Doc. 22), but Court subsequently vacated the transfer portion of its order (Doc. 16).

2. **Second Mandamus (May 21, 2025)** - Court denied pro hac vice application as "moot" and denied motion to proceed without local counsel (Doc. 32), despite Court's own prior order (Doc. 30) stating counsel could file such a motion. This created contradictory requirements making compliance impossible. Fifth Circuit denied mandamus (Doc. 38).

3. **Third Mandamus (July 21, 2025)** - Court denied motion for recusal (Doc. 57) using incorrect legal standard. Court failed to apply proper standard for recusal under 28 U.S.C. § 455. Fifth Circuit denied mandamus (Doc. 69).

The necessity of three mandamus petitions in six months demonstrates the pattern of procedural obstruction making effective prosecution impossible.

## III. DENIAL OF REMOTE APPEARANCE

Plaintiff's counsel disclosed inability to attend court proceedings in person and requested remote appearance pursuant to Federal Rule of Civil Procedure 43(a), which authorizes remote participation and is standard practice in federal courts post-pandemic. The Court denied this request without proper analysis under Rule 43(a), fabricated a non-existent standard for appearing remotely (e.g. Doc. 16, Doc. 17 Richards v Yaccarino 3:25-cv-01863 -- stating that the "the Court does not find the financial and logistical burden of an in-person hearing to be disproportionate to the relief sought.") and required in-person attendance at a hearing scheduled for November 12, 2025 (Doc. 107, 109).

This creates an impossible situation where Plaintiff's counsel cannot appear as required, despite Rule 43(a) authorizing remote participation "for good cause in compelling circumstances."

## IV. CANCELLATION OF YACCARINO HEARING AFTER PLAINTIFF'S SUCCESS

On October 22, 2025, the Court scheduled a hearing on Plaintiff's motion for default judgment against Defendant Linda Yaccarino for November 12, 2025 (Doc. 106). After Plaintiff filed a motion for reconsideration challenging aspects of the Court's order, the Court cancelled the Yaccarino hearing and instead scheduled a hearing on Defendant X Corp.'s motion to dismiss for

the same date (Doc. 109). No hearing had been previously scheduled or discussed for the motion to dismiss.

This pattern - cancelling a hearing where Plaintiff was positioned to succeed and substituting a hearing on defendant's motion - demonstrates bias and makes effective prosecution impossible.

## V. PATTERN OF DISPARATE TREATMENT

The Court granted Defendant X Corp.'s pro hac vice application promptly (Doc. 43, granted June 11, 2025), but has never ruled on Plaintiff's counsel's application filed two months earlier. This disparate treatment between similarly situated parties violates equal protection and due process.

## VI. IMPOSSIBILITY OF PROSECUTION

The combination of factors, including:

- Uncertain pro hac vice status for six months

- Denial of remote participation without justification

- Requirement to appear in person when counsel cannot do so (moreover creating a discretionary hearing for a MTD that is not typically held in the NDTX in accordance with local rule 7.1)

- Three mandamus petitions necessitated by Court's conduct

- Disparate treatment compared to defendant's counsel

- Cancellation of hearing where Plaintiff was succeeding

makes effective prosecution of this case impossible before this Court.

## VII. PLAINTIFF'S PUBLIC STATEMENT

On October 29, 2025, Plaintiff Thomas Richards publicly posted on X Corp.'s platform:

"I told my wife / attorney to dismiss my lawsuits against X, Trump and Yaccarino because the judge is completely unreasonable. Yaccarino and Trump are in default, but I'm still pulling my suit against them. Attorneys, arguments, don't matter if you have a rotten judge. #JudgeStarr"

See Exhibit B (screenshot and link: https://x.com/tlthe5th/status/1983660273300074607).

This public statement confirms that this dismissal is Plaintiff's personal decision based on the impossibility of obtaining a fair hearing before this Court.

## VIII. THE COURT'S ACKNOWLEDGMENT OF ITS OWN PATTERN

In denying Plaintiff's motion for reconsideration (Doc. 109), the Court stated: "This would be Richards's fifth attempt at mandamus relief. See Doc. 9 in former action 3:25-cv-1863-X and Docs. 22, 38, 69 in this consolidated action. As the saying goes, the show must go on."

The Court's count is incorrect - this would be the fourth mandamus petition, not the fifth. The Court's inability to accurately count the mandamus petitions it has necessitated is emblematic of the carelessness that has characterized its handling of this case throughout.

More significantly, the Court's flippant reference to its own pattern of conduct necessitating multiple mandamus petitions demonstrates a fundamental lack of respect for the judicial process and Plaintiff's constitutional rights. The Court appears to view the necessity of repeated mandamus petitions as entertainment rather than evidence of systematic denial of due process.

Plaintiff and counsel decline to participate in this "show." When a court openly mocks a litigant's attempts to obtain basic procedural fairness, continuing the litigation becomes an exercise in

futility. The necessity of four mandamus petitions is not a "show" - it is evidence of a court that has abandoned its duty to provide fair and impartial adjudication.

Plaintiff will not continue to expend resources and time in a forum where the presiding judge treats serious constitutional challenges as comedic material. There comes a point where continuing to litigate before a hostile tribunal dignifies conduct that deserves no dignity.

**NATURE OF THIS DISMISSAL**

Plaintiff is not dismissing because the claims lack merit. Plaintiff believes the claims have substantial merit and raise serious First Amendment issues regarding platform censorship and state action. Plaintiff is dismissing because the procedural circumstances created by this Court prevent Plaintiff from obtaining a hearing on the merits.

This dismissal is made pursuant to Plaintiff's absolute right under Rule 41(a)(1)(A)(i). The dismissal operates automatically upon filing and requires no court order or defendant consent.

**EFFECT OF DISMISSAL AND PRESERVATION OF RIGHTS**

Rule 41(a)(1)(B) provides that dismissal under Rule 41(a)(1)(A)(i) is without prejudice unless "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim."

To the extent any procedural questions might arise regarding the effect of this dismissal, Plaintiff expressly preserves all arguments that:

- This action involves claims, parties, and facts that are distinct from any other litigation

- This dismissal was not truly voluntary but was coerced by this Court's pattern of procedural obstruction, denial of due process, and denial of access to courts

- A dismissal forced by judicial misconduct and denial of access to courts should not be treated as a voluntary abandonment of claims

- Fundamental fairness requires that this dismissal operate without prejudice given the extraordinary circumstances documented herein

- Any rule limiting refiling rights should not apply where dismissal results from judicial conduct preventing effective prosecution

Plaintiff further expressly reserves all rights, claims, and arguments, including but not limited to:

- Any claims that this dismissal was effectively coerced by denial of access to courts

- Any claims of judicial misconduct or bias

- Any arguments that procedural obstacles imposed by the Court denied Plaintiff due process

- All substantive claims against all defendants under the First Amendment, Fifth Amendment, and applicable federal statutes

- Any right to pursue claims in other forums or at other times to the extent permitted by law

- All arguments regarding the proper characterization and effect of this dismissal

This dismissal does not constitute any waiver, abandonment, or concession regarding the merits of Plaintiff's claims or Plaintiff's right to pursue those claims.

Respectfully submitted this 29th day of October, 2025.

/s/ Lisa Weingarten Richards

Lisa Weingarten Richards, Esq.

VSB #96671

NY BAR #4932570

LWR Law Offices

3060 Williams Dr

Ste 300 #510

Fairfax, VA 22031

Tel.: (202) 981-2059

lwr@lwrlawoffices.com

Counsel for Plaintiff

---

**DECLARATION OF THOMAS RICHARDS**

I, Thomas Richards, declare under penalty of perjury:

1. I am the Plaintiff in this action and I am over 18 years of age and competent to make this declaration.

2. I have personally directed my counsel to file this Notice of Dismissal. This is my decision, not merely my counsel's recommendation.

3. I am not dismissing this action because I believe my claims lack merit. I believe my claims have substantial merit and raise serious First Amendment issues regarding platform censorship by X Corp. and state action.

4. I am dismissing this action because the circumstances described above make it impossible for me to effectively prosecute this case before this Court.

5. The procedural obstacles, including:

    o The six-month delay in ruling on my counsel's pro hac vice application

    o The denial of remote appearance for my counsel

- o The necessity of three mandamus petitions to address the Court's conduct

- o The cancellation of the hearing on my default judgment motion against Defendant Yaccarino

- o The pattern of disparate treatment compared to defendant's counsel

have made it impossible to obtain a fair hearing on the merits of my claims before this Court.

6. If these procedural obstacles had not existed, I would not be dismissing this action. I want to pursue my claims on the merits.

7. I am making this decision under protest and reserve all rights to pursue my claims in any appropriate forum.

8. On October 29, 2025, I publicly posted on X Corp.'s platform about my decision to dismiss this case due to the judge's unreasonable conduct. See Exhibit B. This reflects my genuine belief that continuing before this Court is impossible.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 29, 2025, Virginia.

/s/ Thomas Richards

Thomas Richards Plaintiff

---

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2025, a true and correct copy of this Notice of Voluntary Dismissal was served electronically via the Court's CM/ECF system on all counsel of record.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards

---

**EXHIBIT A**

**PRO HAC VICE TIMELINE DOCUMENTATION**

- April 13, 2025: Initial Application for Admission Pro Hac Vice (Doc. 3) with Certificate of Good Standing from New York State Bar dated April 7, 2025

- April 17, 2025: Amended Application for Admission Pro Hac Vice (Doc. 19) filed after guidance from Courtroom Deputy Kevin Frye regarding checking "N/A" in certain boxes

- May 23, 2025: Local counsel Sharon K. Campbell filed Notice of Appearance (Doc. 37), satisfying Local Rule 83.10 requirements

- October 29, 2025: Still no ruling on pro hac vice application (199 days pending)

During this 199-day period, the Court:

- Ruled on motions filed by Plaintiff's counsel

- Issued orders directed to Plaintiff's counsel

- Ordered Plaintiff's counsel to appear at hearings

- Ordered Plaintiff's counsel to re-read and certify compliance with *Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (Doc. 109)

- Referenced Plaintiff's counsel's pro hac vice application in orders (Doc. 109: "Although Richards's counsel, Lisa Richards, certified in her pro hac vice application (Doc. 3)...")

Meanwhile, the Court granted Defendant X Corp.'s counsel's pro hac vice application promptly on June 11, 2025 (Doc. 43) - two days after it was filed on June 9, 2025 (Doc. 42).

---

**EXHIBIT B**

**THOMAS RICHARDS'S PUBLIC STATEMENT**



Screenshot of X Post dated October 29, 2025, 6:20 PM

Tommy Richards Spiritually Smart (IAMConfirmed) @tlthe5th

"I told my wife / attorney to dismiss my lawsuits against X, Trump and Yaccarino because the judge is completely unreasonable. Yaccarino and Trump are in default, but I'm still pulling my suit against them. Attorneys, arguments, don't matter if you have a rotten judge. #JudgeStarr"

6:20 PM · Oct 29, 2025 27 Views

Link: https://x.com/tlthe5th/status/1983660273300074607