UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS RICHARDS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0916-X |
| | § | |
| X CORP. et al., | § | |
| | § | |
| *Defendants.* | § | |

# **ORDER**

Before the Court is Plaintiff Thomas Richards's purported notice of voluntary dismissal. (Doc. 112). Having reviewed the Notice, the record, and the applicable law, the Court **STRIKES** the Notice.

In the Court's October 29, 2025 Order (Doc. 111) the Court noted (1) "[a]ttorneys who are not members of the Court's bar may appear in specific cases only upon the granting of a motion for admission pro hac vice" and (2) "[u]ntil such admission is granted, an attorney is not permitted to file documents, appear, or otherwise act as counsel before this Court."[1] The Court ordered Lisa Richards to file an amended application for admission *pro hac vice* if she intended to practice before the Court in this matter.[2]

Instead, Lisa Richards, who purports to be lead counsel for Plaintiff Thomas Richards, failed to file an amended application for *pro hac vice* admission and instead

---

[1] Doc. 111 at 3.

[2] Local Rule 83.9.

1

filed this notice. As the Court made clear yesterday, Lisa Richards may not practice before the Court until she obtains *pro hac vice* status.[3]

If Plaintiff Thomas Richards would like to voluntarily dismiss this action, local counsel must be the one to file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). However, if Richards chooses to voluntarily dismiss his claims, the Court cautions Richards as Judge Lindsay has in other cases:

> if [Richards] files another action asserting the same or similar claims against Defendants based on the facts of this case, the court, in the interest of justice, will require [Richards] to pay all or part of the attorney's fees and costs that Defendants reasonably incurred in this action. [Richards] will not be allowed to proceed with a new action until such attorney's fees and costs, as the court determines, are paid. *See* Fed. R. Civ. P. 41(d). Further, if [Richards] files another [case] asserting the same or similar claims against Defendants based on the facts of this case and dismisses that action, such dismissal will operate as an adjudication on the merits under Rule 41(a)(1)(B).[4]

Because Lisa Richards is not admitted to practice before the Court, the Court **STRIKES** Plaintiff Thomas Richards's purported notice of voluntary dismissal. (Doc. 112).

---

[3] Lisa Richards asserts that the Court "never entered any order granting or denying the pro hac vice application." Doc. 112 at 2. Lisa Richards is incorrect. The Court denied as moot Lisa Richards's motion for pro hac vice admission and first required Richards to obtain local counsel. Doc. 32. Richards eventually obtained local counsel but never filed an amended application for pro hac vice that included the "[L]ocal counsel or record associated with . . . this matter" as required by the Northern District of Texas application.

[4] *Nieman v. Hale*, No. 3:12-CV-2433-L, 2015 WL 12463175 at *2 (N.D. Tex. June 18, 2015) (Lindsay, J.).

**IT IS SO ORDERED** this 30th day of October, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE