UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS RICHARDS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0916-X |
| | § | |
| X CORP. *et al.*, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**DEFENDANT YACCARINO'S MOTION TO SET ASIDE DEFAULT,
FOR LEAVE TO FILE MOTION TO DISMISS, AND BRIEF IN SUPPORT**

Defendant Linda Yaccarino moves to set aside the clerk's entry of default (Doc. 13 in former action 3:25-cv-1863-X) and for leave to file a motion to dismiss, and shows the following in support.

### I. Factual Background

Plaintiff Thomas Richards ("Richards") sued Ms. Yaccarino on July 16, 2025, asserting 14 counts and generally alleging that Ms. Yaccarino conspired to suppress Richards' religious expression on X, the social media platform operated by X Corp. Richards pleaded that he sued Ms. Yaccarino "solely because of her strategic resignation within 10 hours of being named" in his Complaint filed against X Corp. in this case. Compl. ¶ 28 (Doc. 1 in former action 3:25-cv-1863-X). The action against Ms. Yaccarino was reassigned to this Court on July 17, 2025. Ms. Yaccarino's husband was served with the Complaint on August 14, 2025. On October 10, 2025, this Court consolidated the action against Ms. Yaccarino with this lead case. The Court denied Richards's motion for default judgment against Ms. Yaccarino (Doc. 12 in former

action 3:25-cv-1863-X) on October 22, 2025, concluding "the motion is premature because the Court cannot issue a default judgment while other parties are still litigating the case," particularly given the alleged joint liability of the defendants.

## II. Legal Standards

The Court "may set aside an entry of default for good cause."[1] To find good cause, courts in the Fifth Circuit "consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[2] The Fifth Circuit also looks to other factors, including "the harshness of a default judgment."[3]

Default judgments are a disfavored "drastic remedy," "resorted to by courts only in extreme situations."[4] Although "a motion to set aside a default decree under Fed. R. Civ. P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed. R. Civ. P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect."[5] "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in

---

[1] FED. R. CIV. P. 55(c).

[2] *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) (citing *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)).

[3] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Charles A. Wright et al., *Federal Practice & Procedure* § 2685 (2d ed. 1983)).

[4] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted).

[5] *Once Parcel of Real Prop.*, 763 F.2d at 183 (citation omitted).

default."[6] Therefore, even absent a finding of excusable neglect, the Court should set aside an entry of default when the plaintiff would suffer no substantial prejudice and the defendant has a meritorious defense.[7]

## III. Analysis

This Court should set aside the clerk's entry of default against Ms. Yaccarino for three reasons. *First*, Richards will not be prejudiced by the Court setting aside the default. This case currently sits in limbo. Richards tried to voluntarily dismiss his claims against all defendants, but the Court struck Richards's filing because his counsel is not admitted *pro hac vice* in this action. (Docs. 112, 113). Moreover, the parties have not held a Rule 26(f) conference or begun discovery. The Court will hear X Corp.'s motion to dismiss on November 12, 2025, and Richards and defendant Trump are in the process of briefing on Mr. Trump's motion to dismiss. (*See* Doc. 119 (striking Richards's response to defendant Trump's motion to dismiss)). No prejudice

---

[6] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)); *see also Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984) (affirming district court decision "that a default judgment, generally disfavored in the law, should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.").

[7] *See Blue Spike, LLC v. ASUS Computer Int'l, Inc.*, No. 6:16-CV-1384-RWS-KNM, 2018 WL 3301705, at *15 (E.D. Tex. Feb. 20, 2018), report and recommendation adopted, No. 6:16-CV-1384-RWS-KNM, 2018 WL 1443783 (E.D. Tex. Mar. 23, 2018) ("Here, while the Court is unable to find good faith mistake or excusable neglect because ASUS failed to provide any explanation for missing the answer deadline, Blue Spike failed to prove that it would suffer substantial prejudice if the Court sets aside the default and ASUS has provided a meritorious defense.").

results from requiring Richards to try to prove his case against Ms. Yaccarino.[8] And delay alone does not amount to sufficient prejudice to support a default decree.[9]

*Second*, Ms. Yaccarino has meritorious defenses. To set aside default, Ms. Yaccarino need not prove her defenses at this stage—allegations suffice.[10] Rule 55(c) does not address how or when a party should answer or otherwise respond to a complaint if the Court sets aside an entry of default. The Fifth Circuit has found that Rule 55(c) "cannot be read to prohibit a party in default from filing a proposed answer," noting that such a proposed answer "can usefully detail the defaulting party's allegedly meritorious defenses" in support of showing good cause to set aside the default.[11]

Consistent with this guidance, Ms. Yaccarino has filed with this motion a proposed motion to dismiss and seeks leave to file that motion as relief in tandem with setting aside the default.[12] Good cause warrants leave to file the motion to dismiss for the same reasons as setting aside the default—it will not prejudice

---

[8] *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960).

[9] *One Parcel of Real Prop.*, 763 F.2d at 193 (citing *Keegal v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)).

[10] *See J&J Sports Prods., Inc. v. Moso Ventures, Inc.*, 2012 WL 3846536, at *2 (N.D. Tex. Aug. 10, 2012) ("The standard for showing a meritorious defense is not stringent because the likelihood of success is not the measure for the 'absence of meritorious defense' criterion. A defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." (citations omitted)).

[11] *Jefferson v. Louisiana Dep't of Pub. Safety & Corr.*, 401 Fed. Appx. 927, 929 (5th Cir. 2010) (citing Fed. R. Civ. P. 55(c)).

[12] *See Sw. Bell Tel. Co. v. Raza Telecom, Inc.*, No. 3:13-CV-01621-P, 2013 WL 11330884, at *2 n.1 (N.D. Tex. Nov. 22, 2013) (granting defendants' motion to set aside entry of default and motion to dismiss filed afterward, rejecting argument that motion to dismiss should be denied for failure to request leave to file it (citing *Jefferson*, 401 Fed. Appx. at 929)).

4

Richards to require that he plead plausible claims and will not cause prejudicial delay in the case. The attached motion to dismiss explains, among other things:

- X Corp.'s Terms of Service bar Richards' claims because they grant an express contractual right to moderate Richards' content posted on X and to suspend his account, and they disclaim liability for X Corp. officers like Yaccarino;

- Section 230 of the Communications Decency Act of 1996, 47 U.S.C. § 230 immunizes Yaccarino from liability for moderating Richards' content;

- The First Amendment bars Richards' claims because it protects the right to decide what to publish and what not to publish; and

- Richards's complaint fails to state any claim against Ms. Yaccarino because it fails to plausibly allege the required elements of his many claims.

These meritorious defenses meet the requirement for this court to set aside default against Ms. Yaccarino.

*Third*, entering default judgment against Ms. Yaccarino would result in a harsh inequity. Richards seeks over $500 million in damages (plus treble damages under RICO). That would be an enormous windfall on a default judgment when Ms. Yaccarino has appeared and raised defenses that would preclude liability. As Richards acknowledged, his complaint against Ms. Yaccarino "involves the same plaintiff, the same core constitutional violations, and the same systemic suppression of religious expression" as his suit against X Corp. Compl. ¶ 27. Richards' claims against X Corp. and Ms. Yaccarino therefore rise and fall together. It would be unjust to allow X Corp. to present its defenses while barring Mr. Yaccarino from doing the

same solely due to technical default.[13] In these circumstances, the equities weigh in favor of setting aside the default.[14]

## IV. Conclusion

For the foregoing reasons, the Court should set aside the clerk's entry of default for Linda Yaccarino, grant Ms. Yaccarino leave to file the attached motion to dismiss, and grant such further relief to which Ms. Yaccarino may show herself entitled.

Dated: November 10, 2025        Respectfully submitted,

*/s/ Alex More*

Kenneth M. Trujillo-Jamison
(admitted pro hac vice)
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, CA 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250
ktrujillo-jamison@willenken.com
—&—
Alex More
Texas Bar No. 24065789
CARRINGTON, COLEMAN, SLOMAN &
BLUMENTHAL, L.L.P.
901 Main Street
Suite 5500
Dallas, TX 75202
Telephone: 214-855-3000
Facsimile: 214-580-2641
amore@ccsb.com

*Attorneys for Defendants X Corp. and Linda Yaccarino*

---

[13] *See supra* n.6.

[14] *See Blue Spike*, 2018 WL 3301705 at *15 (setting aside entry of default where, among other things, "ASUS appeared and responded before default judgment was entered and significant loss is at stake").

## <u>Certificate of Conference</u>

Pursuant to Local Rule 7.1, Alex More on behalf of defendant Linda Yaccarino conferred with Lisa Richards for the Plaintiff on November 7 and 10, 2025, by email, to determine whether the motion is opposed. Ms. Richards responded that Plaintiff opposes the motion because Plaintiff disagrees that there is any basis to set aside the clerk's entry of default.

*/s/ Alex More*
Alex More

1044074.2