UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS RICHARDS, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:25-CV-0916-X |
| X CORP. et al., | § § § | |
| *Defendants*. | § | |

# ORDER

In accordance with Plaintiff Thomas Richards's notice of voluntary dismissal (Doc. 126) filed November 11, 2025, it is hereby **ORDERED** that this entire action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action."[1] "The purpose of the rule is to deter repeated or vexatious lawsuits and prevent forum shopping."[2] The rule compensates defendants "for expenses incurred unnecessarily in defending against an action that is later dismissed and re-filed."[3]

---

[1] FED. R. CIV. P. 41(d).

[2] *Varsity Gay League LLC v. Nichols*, No. 3:22-CV-2711-B, 2023 WL 2938238 at *2 (N.D. Tex. Apr. 13, 2023) (Boyle, J.).

[3] *Okpa v. Bank of N.Y. Mellon*, No. 3:19-CV-2162-M-BH, 2020 WL 2839227 at *2 (N.D. Tex. May 30, 2020) (Ramirez, J.)

As the docket number of Richards's voluntary dismissal reflects, this case is not in its early stages.[4] It was not until the literal eve before a hearing (that was set 44 days in advance) on a fully briefed motion to dismiss Richards's claims against X Corp. that Richards filed this dismissal. Further, significant work had been completed in this case since Richards filed this action in April 2025 and the member action in July 2025: Richards filed 21 motions, the parties filed 30 motions in total, the Court entered 31 Orders, and the Fifth Circuit entered 5 Orders denying Richards's petitions for writs of mandamus.

Accordingly, the Court reiterates to Richards that if he "files another case asserting the same or similar claims against Defendants based on the facts of this case"[5] the Court intends to use its discretion to: (1) require Richards to pay all permissible costs incurred in this action under Rule 41(d),[6] (2) not allow Richards to proceed with a new action until such costs are paid,[7] (3) reserve finding whether this case was frivolous, unreasonable, or without foundation for if Richards files another case asserting the same or similar claims against Defendants based on the facts of

---

[4] Doc. 126.

[5] *Nieman v. Hale*, No. 3:12-CV-2433-L, 2015 WL 12463175 at *2 (N.D. Tex. June 18, 2015) (Lindsay, J.).

[6] For clarification, the Court may award attorney's fees under 41(d) if Defendants identify a basis for awarding fees as costs for the claims asserted in this lawsuit and provide sufficient supporting documentation justifying their requested fees. *Portillo v. Cunningham*, 872 F.3d 728, 739, 742 (5th Cir. 2017).

[7] FED. R. CIV. P. 41(d).

this case,[8] and (4) treat any subsequent dismissal as "operat[ing] as an adjudication on the merits under Rule 41(a)(1)(B)."[9]

**IT IS SO ORDERED** this 12th day of November, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] *Portillo*, 872 F.3d at 739–40.

[9] *Nieman v. Hale*, No. 3:12-CV-2433-L, 2015 WL 12463175 at *2 (N.D. Tex. June 18, 2015) (Lindsay, J.).